JAMES B. ACKERMAN v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

November 9, 1897.

Nos. 10,690—(138).

Appeal by defendant from an order of the district court for Faribault county, Severance, J., sustaining the demurrer of plaintiff to the third paragraph of defendant's answer, which set up the statute of limitations. Affirmed.

*Thomas Wilson*, for appellant.

The time within which an action for a personal injury, occurring through defendant's negligence, may be brought is limited by G. S.

[1]Reported in 72 N. W. 1134.

1894, § 5138, subd. 2, as amended by Laws 1895, c. 30, to two years. And the court should reconsider Brown v. Village, 67 Minn, 146, which declares a contrary doctrine.

An amended statute is to be understood, as far as future acts are concerned, in the same sense as if it had read from the beginning as it reads as amended. Sutherland, St. Const. § 133.

If an act deals with matters affecting everybody generally its words have a meaning according to the common or ordinary use of language, but if the act has reference to a particular trade, business or transaction, then its words have the meaning that appeals familiarly to persons conversant with that trade, business or transaction, though that meaning may differ from the common or ordinary meaning. 23 Am. & Eng. Enc., 298, 299; Unwin v. Hanson (1891) 2 Q. B. 115; 1 Greenleaf, Ev. § 278; Holt v. Collyer, 16 Ch. Div. 718. The same doctrine is stated by Lord Denman in Nuth v. Tamplin, 8 Q. B. Div. 247, and by Jessel, M. R., in the same case page 253.

This action "for tort resulting in personal injury," is therefore prima facie governed by section 8. The first and most elementary rule of construction for a legislative enactment is that it is to be assumed that words and phrases are to be used in their popular and common acceptation unless the subject matter indicates that they are used in a technical sense. 23 Am. & Eng. Enc. 298, note 1 and cases. Sutherland, St. Const. § 279. The language used expressly excludes and makes inapplicable the doctrine invoked in Brown v. Village, supra. Actions for personal injuries such as this, and actions for assault, battery, false imprisonment or malicious prosecution are of the same genus or class. Com. v. Rice, 9 Metc. (Mass.) 253; Swift v. Union, 122 Mass. 573; 4 Elliott, R. R. § 1638; Mechem, Ag. § 741.

*Frank E. Putnam* and *John A. Lovely*, for respondent.

In the Heron Lake case the amendment of 1895 impliedly was supposed to conflict with G. S. 1894, tit. 2, § 5136, subd. 5, which provides for acts of negligence, carelessness and omission generally. Now while this action charges the negligence of appellant, it also charges the same to have been through the acts of respondent's fellow servants in negligently backing another train against the

car upon which he was at work, acts for which a limitation is prescribed under G. S. 1894, § 5136, subd. 2, which provides that suits may be brought within six years "upon a liability created by statute, other than those upon a penalty or forfeiture." Lavallee v. St. Paul, 40 Minn. 249.   But the amended statute of 1895 does not affect either subdivision of the previous section.   Brown v. Village, 67 Minn. 146;  Potter, Dw. St. 156;  Sedgwick, St. Const. 123.   If the clear language of the statute be in accordance with the plain policy and purview of the whole statute, the interpretation of a particular part inconsistently with that is a wrong interpretation.   King v. Poor, 6 A. & E. 7;  Perry v. Skinner, 2 M. & W. 471;  Broom, Leg. Maxims, 586.   When an affirmative statute expresses no purpose to repeal a prior law, it does not repeal it unless the two acts are in irreconcilable conflict, or the later statute covers the whole ground of the earlier, and is clearly intended as a substitute for it; and the intention of the legislature to repeal must be clear and manifest. Red Rock v. Henry, 106 U. S. 596;  Goddard v. City, 20 Pick. 407; Kerlinger v. Barnes, 14 Minn. (398), 526;  Moss v. City, 21 Minn. 421;  State v. Archibald, 43 Minn. 328;  Bryant v. American, 69 Minn. 30.

PER CURIAM.

This case is ruled by that of Ott v. Great Northern, infra, page 50. The order appealed from is affirmed.