THE STATE OF KANSAS, *ex rel.* CHARLES THOLEN, v. JOSEPH W. FARRELL.

JUSTICES OF THE PEACE, *In Cities of First Class; At What Election to be Chosen.* Section 48 of chapter 110 of Gen. Stat. of 1868, "relating to townships and township officers," is valid, and is still in force; and under it justices of the peace in and for cities of the first class, are properly elected at the regular city election held on the first Tuesday in April, and are not elected at the general election held in November.

*Original Proceedings in Quo Warranto.*

ACTION in the name of *The State,* upon the relation of *Charles Tholen,* to try the title to the office of justice of the peace. The petition was filed on the 19th of April 1878, and was signed by Joseph W. Taylor, as county attorney of Leavenworth county, and was verified by *Tholen,* relator. *Farrell* had been elected to the office of justice of the peace of the city of Leavenworth in 1876, and contended that his term would not expire until the 10th of November 1878, and that his successor should be chosen at the general election to be held in November 1878. At the regular city election held in and for the city of Leavenworth, on the 2d of April 1878, *Tholen* was elected a justice of the peace, to succeed *Farrell.* The votes cast for such office at such election were duly returned to the county clerk, and the county commissioners as a board of canvassers duly canvassed said votes on the 5th of April, and awarded a certificate of election to *Tholen,* who thereupon duly qualified, and demanded the docket, books and papers of the office from *Farrell,* claiming that his term commenced on the 8th of April. *Farrell* refused to give

possession of the office, but continued to act as a justice of the peace. The case was heard upon an agreed statement of facts. The subjoined opinion was filed April 30th.

*Joseph W. Taylor*, for the relator.

*Thomas P. Fenlon*, for Farrell, defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto*, brought originally in this court in the name of the state by Joseph W. Taylor, county attorney of Leavenworth county, for the purpose of having the question determined whether Joseph W. Farrell is entitled to the office of justice of the peace in and for Leavenworth city in said county. The county attorney claims that Farrell is not entitled to said office, and that Charles Tholen is. Farrell claims under an election held in the city of Leavenworth on the Tuesday succeeding the first Monday in November 1876. Tholen claims under an election held in said city on the first Tuesday of April 1878. Both of these elections cannot, under the statutes, be valid. If one is valid, the other must necessarily be void. If the one held in November 1876 is valid, then Farrell is entitled to the office. But if the one held in April 1878 is valid, then Tholen is entitled to the office.

Leavenworth city is and has been for many years a city containing over two thousand inhabitants, and a city of the first class. On February 29th 1868, it was enacted by the legislature, in an act entitled, "An act relating to townships and township officers," among other things, as follows:

"SEC. 2. The annual township election in the several townships shall be held on the first Tuesday in April of each year."

"SEC. 4. At the township election in each alternate year there shall be elected, in each municipal township in the state, two justices of the peace; or if the number shall have been increased as provided by law in any township, then such increased number."

"SEC. 48. No city of more than two thousand inhabitants

The State, *ex rel. Tholen*, v. Farrell.

shall be included within the corporate limits of any township; but each of such cities shall constitute a township for the purpose of electing justices of the peace and constables, as provided in this act, and for the exercise of the powers and jurisdiction of such officers, as prescribed ·by law. *In such cities said officers shall be elected at the regular city election.*"— (Gen. Stat. 1082, 1083, 1092.)

Said section 48 applies both to cities of the first class and to cities of the second class, and it still continues to be the law precisely as it was when it was first enacted, unless it has been subsequently repealed or modified by some sort of implication arising from subsequent hostile legislation. It has never in direct terms been repealed or modified. At the time it was passed, cities of the first class held their elections on the first Tuesday in April of each year, (Gen. Stat. 131, §§ 11, 12,) and cities of the second class held their elections on the first Monday in April of each year; (Gen. Stat. 156, § 11.) Cities of the first class still hold their elections on the first Tuesday in April of each year; (Laws of 1875, page 102, § 2.) But the law with reference to cities of the second class has been so changed that such cities now hold their elections on the same day that cities of the first class do, to-wit, on the first Tuesday in April of each year; (Laws of 1875, page 104, § 1.) The law with respect to holding township elections has been so changed that township elections are now held on the Tuesday succeeding the first Monday in November of each year; (Laws of 1875, page 128, § 1.)

At the time that said section 48 was enacted there was no provision of law directing specifically who should canvass the returns of elections for justices of the peace in cities of the first and second classes. The county commissioners canvassed the returns for township officers; (Gen. Stat. 1084, §§ 9, 10;) and the city council canvassed the returns for city officers; (Gen. Stat. 142, 158, §§ 52, 25;) but the office of justice of the peace for cities was not specifically mentioned ·in either case. As justices of the peace however are township officers, and as their election, even in cities, is in one sense a township election, we should think that it was prob-

ably the duty of the county commissioners to canvass such returns. And also, as justices of the peace in such cities are also in one sense city officers, and as they are elected at the city election, and by the electors of the city, we should think that it was also proper for the city council to canvass such returns. In cities of the second class we should not only think from the language of the statute that it was proper for the city council to canvass the returns, but we would also think that it was their duty to do so. The language however for canvassing election returns in cities of the first class is not quite so comprehensive as it is for canvassing election returns in cities of the second class. The statute still provides, that—

"At the township election in each alternate year there shall be elected, in each municipal township in the state, two justices of the peace," etc. (Laws of 1874, page 212, §1.)

But the statute is now so changed that the regular township election is held on the Tuesday succeeding the first Monday in November of each year, instead of on the first Tuesday in April of each year, as formerly. (Laws of 1875, page 128, §1.) The statute making this change is an amendment of section 2 (above quoted) of the act relating to townships and township officers, and reads as follows:

"SEC. 2. The annual township election in the several townships shall be held on the Tuesday succeeding the first Monday in November 1875, and on the Tuesday succeeding the first Monday in November in each and every year thereafter," etc.

The defendant Farrell claims that this statute, which is amended section 2 as aforesaid, repeals by implication that clause of said section 48 which provides that, "In such cities said officers [justices of the peace and constables] shall be elected at the regular city election." Now said amended section 2 does not purport to repeal this clause; and amended section 2 and this clause can stand together equally as well as the original section 2 and this clause could. Besides, repeals by implication are not favored in law. And therefore

15—20 KAS.

it must appear very clear that such repeal was intended in fact to be effected, before the courts can declare that any such repeal in fact took place.    But in this case it is very clear that the legislature did not intend any such repeal.    As we have before stated, said section 48 applies to cities both of the first class and the second class; and therefore, if said amended section 2 repeals by implication said clause of section 48 so that it no longer has any application to cities of the *first* class, then it also so repeals said section 2 that it no longer has any application to cities of the *second* class.    That is, if said amended section 2 requires that justices of the peace and constables in cities of the first class must be elected on the Tuesday succeeding the first Monday in November, instead of in April, then it also requires that justices of the peace and constables in cities of the second class must also be elected on the Tuesday succeeding the first Monday in November, instead of in April.    But this cannot be, for reasons hereafter to be given.    Said amended section 2 was enacted February 9th 1875.    And on the 25th of said February, (only sixteen days thereafter,) the same legislature enacted, with reference to cities of the second class, that—

"There shall be elected on the first Tuesday of April 1875, and every year thereafter, the following officers, namely: A mayor, a city marshal, city treasurer, treasurer of the board of education, and city attorney, and such councilmen, members of the board of education, *justices of the peace, and constables, as are required by law to be chosen at such election.* * * * The councilmen, members of the board of education, *justices of the peace,* and police judge, shall hold their offices for the term of two years, and all the other officers for the term of one year." (Laws of 1875, pages 104, 105, § 1.)

Now this statute, just quoted, recognizes the fact that, at the time of its passage, justices of the peace and constables were, according to the then existing law, required to be elected, at the regular city elections, afterward to be held, in cities of the second class.    That is, the statute provides for the election of "such justices of the peace and constables *as are required by law* to be chosen at such elections."    And at

the time of the passage of this statute there was no law, except said clause of said section 48, which required that justices of the peace and constables should be elected at a city election. This statute is amended section 13 of the act relating to cities of the second class, as amended in 1875; (laws of 1875, pages 104, 105.) The original section 13 as passed in 1872, (laws of 1872, page 195,) and as amended in 1873, (laws of 1873, pages 126, 127,) also recognized the election of justices of the peace and constables at city elections in cities of the second class, the same as the present amended section 13 now does. Said section 13 and said section 48 are the only sections, so far as we are informed, which have ever enacted, or even recognized the fact, that justices of the peace and constables should be elected at city elections.

As to canvassing the returns of votes cast for the election of justices of the peace in cities of the first class, we would say, that, as such cities are *townships* for the purpose of electing justices of the peace, (except as to the *time*, and manner of holding the elections,) and as justices of the peace are township officers, it would probably still be the duty of the board of county commissioners to canvass such returns; (Gen. Stat. 1084, 1085, §10;) although as such justices are elected at city elections, it might also be proper for the city council to canvass such returns. Section 10 of the act relating to townships and township officers, passed February 29th 1868, (Gen. Stat. 1084,) is still in force, and it would seem to give to county commissioners such authority.

It is admitted in this case, that Tholen was elected a justice of the peace on the first Tuesday of April 1868, in and for said Leavenworth city, a city of the first class, provided that the election was properly held in April, and not in November; and it is also admitted that the board of county commissioners canvassed the returns, and declared Tholen elected; that he received the certificate of his election, duly qualified by taking the prescribed oath and giving bond; and it is also admitted that Farrell refuses to surrender the office to him.

In our opinion the election for justice of the peace in the city of Leavenworth was properly held in April; and judgment of ouster must therefore be given in favor of the state, and against defendant Farrell. Judgment accordingly.

All the Justices concurring.