## JOHN T. SHOWALTER v. W. E. COX.

JUSTICE OF THE PEACE, *Valid Election of.* On the 14th of February, 1880, the city of Wellington was organized as a city of the second class, out of a portion of the territory of Wellington township. On April 6, 1880, a city election was held, and at the election, C. was a candidate for justice of the peace of the city, and received the highest number of votes. At said time, he was holding the office of justice of the peace of Wellington township, under an election held in November, 1878, and resided in the territory embraced within the city. On the first Tuesday of April, 1881, at the annual city election of Wellington, S. was elected to fill the office then held by C. *Held,* That there was no vacancy in the office of justice of the peace in April, 1880; that the election of April, 1881, was valid, and S. entitled to the office of justice of the peace in and for the city of Wellington, for the full term of two years.

### *Original Proceedings in Quo Warranto.*

ACTION in the nature of *quo warranto,* brought in this court April 14, 1881, by *Showalter* against *Cox,* to determine whether plaintiff is entitled to the office of justice of the peace in and for the city of Wellington, in the county of Sumner. The opinion states the facts.

*Willsie & Haughey,* for plaintiff.

*Wm. A. McDonald, L. A. Simmons,* and *James Lawrence,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This is an action in the nature of *quo warranto,* brought by plaintiff against defendant, for the purpose of having the question determined whether plaintiff is entitled to the office of justice of the peace in and for the city of Wellington. The material facts are as follows: Wellington township, in Sumner county, was organized on the 18th day of October, 1871; the first regular annual election was held on the first Tuesday of April, 1872; in the year 1875, the legislature of the state changed the time for holding mu-

nicipal town elections from April to November; on November 5, 1878, the defendant and one I. N. King were elected justices of the peace for Wellington township for a full term; the defendant qualified, and has since continued in office. On the 14th of February, 1880, the city of Wellington was organized as a city of the second class, out of the territory of Wellington township. On April 6th, 1880, pursuant to the mayor's proclamation, the first city election was held, and at the election defendant was a candidate for justice of the peace of the city, and received the highest number of votes. He claims that he waived and renounced, both as a candidate at the election and when qualifying as a justice of Wellington city, all rights which he had, or might have had, under the law to the office of justice of the peace of Wellington township. On the first Tuesday of April, 1881, at the annual city election of Wellington, the plaintiff, the defendant, and one I. N. King, were candidates for the office of justice of the peace of the city. At the election, the candidates received respectively the following votes: plaintiff received 166; defendant, 155; I. N. King, 161. On the 8th of April, 1881, the vote cast at the election was canvassed, and plaintiff and I. N. King were declared elected. Plaintiff received a certificate of election, and qualified. The defendant denies the validity of the election of 1881, and claims to hold office under the election of 1880.

Sec. 13, art. 1, ch. 19, p. 166, Comp. Laws of 1879, prescribes that there shall be elected on the first Tuesday of April, 1879, and every year thereafter, in cities of the second class, such councilmen, members of the board of education, justices of the peace and constables as are required by law to be chosen at such elections. Sec. 48, ch. 110, p. 985, Comp. Laws of 1879, provides: "No city of more than two thousand inhabitants shall be included within the corporate limits of any township; but each of such cities shall constitute a township for the purpose of electing justices of the peace and constables, as provided in this act, and for the exercise of the powers and jurisdiction of such offices as pre-

scribed by law. In such cities, said officers shall be elected at the regular city election." Under these provisions, the first Tuesday in April, 1881, was the time to elect justices of the peace for the full term of two years in the city of Wellington. Therefore plaintiff was duly elected, and having qualified is entitled to the office. Under § 49, ch. 110, Comp. Laws of 1879, the justices of the peace of Wellington township residing in Wellington city were continued in office, notwithstanding the organization of the city of Wellington out of the territory of the township of Wellington, for the full term for which they were elected; therefore defendant, being a resident of Wellington city, was entitled to continue in office as justice until his successor was duly elected and qualified. He gained nothing in the election of 1880. He had filed no resignation, and at such election there was no vacancy.

Counsel for defendant refer to *Tholen v. Farwell,* 20 Kas. 214, and seem to think the case decisive against the claims of plaintiff. In that case it was held that § 48 of ch. 110, of Gen. Stat. of 1868 is valid and still in force, and that justices of the peace in and for cities of the first class are properly elected at the regular city election held in April. But we do not notice anything upon the merits of that case in conflict with the principle here announced.

Judgment of ouster must therefore be entered in favor of the plaintiff and against the defendant.

All the Justices concurring.