STATE ex rel. FRANK A. DAY v. PETER E. HANSON.[1]

October 7, 1904.

Nos. 14,221—(222).

**Official Ballot—Party Name.**

The last provision of section 1, c. 312, p. 524, Laws 1901, re-enacted in chapter 232, p. 337, Laws 1903, violates the provisions of section 27, art. 4, of the constitution of this state, and is void.

On the petition of Frank A. Day an order was issued from the supreme court requiring the respondent, as secretary of state, to show

[1] Reported in 100 N. W. 1124; 102 N. W. 209.

cause why a writ of mandamus should not issue requiring him to place upon the official state ballot, after the name of Calvin L. Brown as candidate for justice of the supreme court, the word "Democrat" in addition to the word "Republican," so as to indicate the names of the two political parties which had nominated him for such office. Writ granted.

*John W. Arctander* and *Henry C. Belden,* for petitioner.

*W. J. Donahower,* Attorney General, and *Childs, Edgerton & Wickwire,* for respondent.

PER CURIAM.[2]

This matter was heard upon an order requiring the secretary of state, Hon. Peter E. Hanson, to show cause why he should not place after the name of Calvin L. Brown, a candidate for Associate Justice of this court, the words "Republican-Democrat" on the official state ballots for the next general election, so as to indicate the names of the two political parties which have severally nominated him for such office.

We have reached the conclusion that the petitioner is entitled to the relief prayed for. An opinion setting forth the grounds upon which we base our conclusion will be filed in due time. It is therefore ordered that the respondent, Peter E. Hanson, as secretary of state, place after the name of Calvin L. Brown on the state official ballots for the next general election the words "Republican-Democrat."

On December 30, 1904, the following opinion was filed:

BRILL, Special Judge.

The facts appearing from the petition and return are as follows: Upon July 1, 1904, the Republican Party of the state, in convention duly assembled, nominated Calvin L. Brown for the office of associate justice of this court, to be voted for at the then ensuing election. Upon August 1, 1904, a certificate of said nomination was duly filed with the secretary of state, and the fee required by law was paid. Upon August 30, 1904, the Democratic Party of the state, in convention duly

2 Brown, Lovely and Lewis, JJ., having been candidates for re-election, did not sit in this matter. Hon. Hascal R. Brill, judge of the second district, Hon. Frank C. Brooks, judge of the fourth district, and Hon. W. A. Cant, judge of the eleventh district, were assigned by the governor to sit with Start, C. J., and Douglas, J., as judges of this court, pro hac' vice, and the matter was heard and determined by the court thus constituted.

assembled, also nominated Justice Brown for the same office, and upon September 29, 1904, a certificate of this nomination, in due form, was also filed with the secretary of state, who was requested to cause to be printed on the official state ballot, after the name of said candidate, the word "Democrat," in addition to the word "Republican." The secretary of state refused to have indicated on the ballot the fact that said Brown was a candidate of the Democratic Party. He based his refusal upon the last provision of section 1 of chapter 312, p. 524, Laws 1901, and chapter 232, p. 337, Laws 1903.

It is claimed by the petitioner that this provision is invalid under section 27, art. 4, of the constitution of the state, which provides, "No law shall embrace more than one subject, which shall be expressed in its title," and for other reasons not necessary at this time to mention.

It is provided by section 33, c. 4, p. 25, Laws 1893, that the secretary of any convention nominating a candidate for office shall immediately deliver a certificate of nomination to the officer charged with directing the printing of the ballots. Chapter 136, p. 287, Laws 1895, provided that, when any candidate was nominated for the same office by more than one political party, the name of the party by which he was first nominated should be given the first place following his name. This law remained in force until 1901, when chapter 312, p. 524, Laws 1901, was enacted, the title of which is "An act relating to the names of political parties on the official ballot." This act is in the following terms:

> Section 1. That a political party which has heretofore or shall hereafter adopt a party name shall alone be entitled to the use of such name for the designation of its candidates on the official ballot, and no candidate nor party subsequently formed, shall be entitled to use or have printed on the official ballot as a party designation, any part of the name of a previously existing political party. And in no case shall the candidate of any political party be entitled to be designated upon the official ballot as the candidate of more than one political party, and shall be designated upon the official party ballot in accordance with the certificate of nomination first filed with the proper officers.

In 1903 (Laws 1903, p. 265, c. 174) an amendment to chapter 136, p. 287, Laws 1895, was adopted, which amendment included in terms

the provision from the law of 1895 above referred to. Upon April 14, 1903, four days thereafter, the legislature amended chapter 312, p. 524, Laws 1901, so as to define a political party, and in so doing the original chapter 312 was re-enacted. Laws 1903, p. 337, c. 232. The title of this act of April 14, "An act to amend chapter three hundred and twelve (312) of the General Laws of nineteen hundred and one (1901) of Minnesota, relating to the names of political parties on the official ballot," does not enlarge or change the title of the original act, and, if the provision in question of the original act was unconstitutional, the same provision in the amendatory act is also unconstitutional.

Does the last clause of the act of 1901 violate the constitutional provision above quoted? The purpose of the constitutional provision has been so often and so recently declared by this court that it is not necessary to repeat it here. In the construction of the title to an act, with reference to the constitutional provision, the rule is: "The title to a statute, if it be expressed in general terms, is sufficient, if it is not a cloak for legislating upon dissimilar matters, and the subjects embraced in the enacting clause are naturally connected with the subject expressed in the title. General titles to statutes should be liberally construed in a common-sense way, but if the title to a statute be a restrictive one, carving out for consideration a part, only, of a general subject, legislation under such title must be confined within the same limits. All provisions of an act outside of such limits are unconstitutional, even though such provisions might have been included in the act under a broader title." Watkins v. Bigelow, infra, page 210.

The title to the act in question is not general, but to a degree restrictive. It does not embrace the subject of elections generally, nor does it refer to the right of political parties to make nominations, nor to rights of individual candidates. The subject expressed relates to the rights of parties to the use of party names upon the official ballot. In construing an act with reference to the constitutional provision, its substance should be considered, rather than its letter; and in determining the constitutionality of the act in question here it is necessary to consider the purpose and effect of the act. The act was undoubtedly passed in view of the attempts which had been made to use political party names by parties not entitled to them. It was designed to protect political parties in the use of their party names.

As determined in Davidson v. Hanson, 87 Minn. 211, 91 N. W. 1124, 92 N. W. 94: "The purpose of this statute is unambiguous. It was unquestionably enacted to prohibit political parties from interfering with titles previously adopted by other political organizations." And it was aptly designated by the court in that case, "the party name protection act." The first provision of the act effectuates its design and purpose, but the second provision of the act goes much further. The meaning and effect of this provision, not the possible or incidental effect, is that the candidate of one political party shall not be the candidate of any other party; that one political party shall not nominate any person nominated by another party. It is, in substance and effect, an anti-fusion act. In substance and effect it is entirely distinct from and independent of the other provision. The subjects are as independent of each other as if provided for in separate acts. State v. Kinsella, 14 Minn. 395 (524).

Prior to this act, political parties exercised their undoubted common right to nominate any qualified person, and frequently the candidate of one party was nominated by another party. Chapter 136, p. 287, Laws 1895, recognized this right and practice, and provided, by necessary implication, that the fact of such nomination by different parties could be indicated on the official ballot. The act of 1901 makes no mention of the law of 1895. The law of 1895 was re-enacted in 1903, only four days prior to the re-enactment of the law of 1901. The situation fairly raises an inference that the legislators acted unadvisedly in the enactment of the provision in question, and that they were not informed of the subject of the provision by the title of the act.

We hold that this provision violates the mandate of section 27, article 4, of the constitution, and is invalid.

CANT, Special Judge, and DOUGLAS, J. (dissenting).

In this proceeding the last provision of chapter 312, p. 524, Laws 1901, re-enacted in chapter 232, p. 337, Laws 1903, is said to be invalid as being in violation of section 27 of article 4 of the state constitution. That section provides that "no law shall embrace more than one subject, which shall be expressed in its title." Said chapter 312 bears the following title: "An act relating to the names of political parties on the official ballot." So far as here material, the act reads as follows:

And in no case shall the candidate of any political party be entitled to be designated upon the official ballot as the candidate of more than one political party, and shall be designated upon the official party ballot in accordance with the certificate of nomination first filed with the proper officers.

The title above set forth is said to be restrictive. That expression is a comparative one, and is helpful only when such fact is borne in mind. Almost every title is in a sense general, and in a sense restrictive. The title in question is restrictive as applied to the general subject of elections, but is general as respects everything which fairly relates to the names of political parties on the official ballot.

Certain well-established rules are applicable in this case: "Every statute duly passed by the state legislature is presumably valid, and this presumption is conclusive unless it affirmatively appears to be in conflict with some provision of the federal or state constitution; and, in order to justify a court in pronouncing it invalid, because of its violation of some clause of the state constitution, its repugnancy therewith must be so 'clear, plain, and palpable' as to leave no reasonable doubt or hesitation upon the judicial mind." Curryer v. Merrill, 25 Minn. 1, 4.

Section 27 of article 4 of our state constitution is to be liberally construed, so as not unnecessarily to embarrass or restrict legislative action. State v. Kinsella, 14 Minn. 396 (524); Winters v. City of Duluth, 82 Minn. 127, 131, 132, 84 N. W. 788.

"All that is required is that the act should not include legislation so incongruous that it could not by any fair intendment be considered germane to one general subject." Johnson v. Harrison, 47 Minn. 575, 578, 50 N. W. 924.

"The title to a statute is sufficient, within the constitutional limitation that no law shall embrace more than one subject, which shall be expressed in its title, if it is not a cloak for legislating upon dissimilar matters, and the subjects embraced in the enacting clause are naturally connected with the subject expressed in the title." Winters v. City of Duluth, supra. The expression, "if it is not a cloak for legislating upon dissimilar matters," quoted above from the Winters case, must, we think, be understood as a reference to the evil to be avoided, and not as a statement of the test to be applied.

The test always is: Are the various provisions of the statute fairly germane to the subject expressed in the title? Such is the rule expressly laid down in the language quoted from Johnson v. Harrison, supra, and it is clearly recognized and acted upon in the Winters case, 82 Minn. 132, where the various provisions of the act there under consideration are held constitutional for the reason that "they are naturally connected with and suggested by the subject of the act as expressed in its title." So, in the last analysis are all the authorities. It is matter foreign to the title that is condemned. No case, we think, will be found holding an act unconstitutional by reason of the incongruity of its parts, where the different provisions thereof are each fairly germane to the title of the act. The incongruity between the different provisions of an act cannot be serious if all are germane to one general subject. If they are so germane, all stand upon an equal footing, even though they look in somewhat different directions.

The following rule, also, going much further than is necessary here, was established at an early date in this state, and has since been frequently approved: "Neither is it important that all the various objects of an act be expressly stated in its title, nor that the act itself indicates objects other than that so mentioned, provided they are not at variance with the one so expressed, but are consonant therewith." State v. Cassidy, 22 Minn. 324; State v. Madson, 43 Minn. 438, 440, 45 N. W. 856; State v. Board of Control, 85 Minn. 165, 171, 88 N. W. 533.

The act here in question contains but two clauses. The second, hereinbefore set forth, is said to be the offending member. The only question is whether its provisions are germane to the title of the act. If they are, the clause is valid. The question is not which of the two clauses is most clearly foreshadowed by the title, nor whether the ideas which they respectively emphasize are widely divergent, or whether they closely approach each other. They are not required to be identical either in expression or in thought; they are required to be germane to the title. This is the measure of the scope which they may take. If each is germane to that title, there is no authority for saving the one and destroying the other.

Does the clause here in question fairly relate to the general subject-matter of the title of the act? That subject is, "The names of political parties on the official ballot."

It is not, we think, as viewed by the majority, "The rights of parties to the use of party names upon the official ballot." This is unwarrantably restricting the title and confining its aspect to the first clause of the act. Nor is the subject restricted to the use of party names upon the official ballot in connection with the names of candidates thereon. This would be confining its aspect to the second clause of the act.

According to its language, it relates generally to "the names of political parties upon the official ballot," and its objects and purposes are as broad as that language implies. The only place on the official ballot where the names of political parties can or do appear is in connection with the names of candidates. The law provides that on the official ballot, following the name of each candidate, and on the same line therewith, shall appear "the party designation or politics of the candidate." Laws 1901, p. 115, c. 109. The clause here under consideration, stated conversely, in effect provides that on such ballot the name of one political party only shall follow the names of the respective candidates. It declares that, as to the names of political parties on the official ballot, the law shall be that one only shall appear in connection with and following the name of each candidate. Is it possible that this clause does not relate to "the names of political parties on the official ballot"? If it alone constituted the body of the act, that its provisions were germane to the title would never be questioned.

Reconstructing and treating the two clauses of the act together, every essential feature, so far as here material, is embraced in the following language: "No part of a name previously adopted by any political party shall be used on the official ballot by any other party or person, and when used on such ballot in connection with the names of candidates of the party adopting the same, it shall be so used to the exclusion of every other party designation." So expressed, it is plain that the constitutional provision here invoked could have no application.

It is said that the first clause of the act is a party name protection act, and that the second clause is an anti-fusion act. Each, in a measure, embodies the features ascribed to it, though not those alone; but many acts of the legislature will thus submit to be charted and labeled without yielding to the charge of being in violation of the constitutional provision here involved.

The second clause, however, does not prevent the nomination by different parties of the same candidate. It declines to recognize such double nominations on the official ballot; but with such forceful agencies remaining to proclaim the nominations as the sample ballot, the daily and weekly press, the public speaker, it is going a great length to say that the clause prevents a double nomination.

In any proposed legislation of the character here involved, three interests are to be considered—that of the political party, that of the candidate, and that of the voters. The voters have a right to know the political principles for which each of the various candidates stand. The legislature has a right to provide for their being advised thereof without the confusion of a double designation. It did so in this case. In so doing, it weighed the rights of parties, of candidates, and of individual voters, and it dignified these rights of the individual voters, and subordinated the rights of parties and of candidates thereto. This object was attained by a clause prohibiting the use of more than one party name in connection with the name of the candidate upon any official ballot. Irrespective of the name which might be given to such clause—and a variety might apply—it was, we think, entirely appropriate to the title of the act.

In our opinion, therefore, without either approving or condemning the policy of the act, chapter 312, p. 524, Laws 1901, was a valid exercise of the legislative will, and the writ prayed for should have been denied.