### JOHN MEGINS v. CITY OF DULUTH.[1]

January 5, 1906.

Nos. 14,490—(142).

**Application of Statute.**

Chapter 248, p. 459, Laws 1897, applies only to actions to recover damages for injuries to the person.

**Title to Act.**

The rule that, where the title to a statute is restrictive, legislation under such title must be confined within the same limits, applied to chapter 248, p. 459, Laws 1897.

Action in the municipal court for Duluth to recover $300 for injuries to plaintiff's building caused by a leak in one of the pipes of defendant's waterworks system. A general demurrer to the complaint being overruled, defendant appealed to the district court for St. Louis county. From an order, Cant and Dibell, JJ., affirming the order of the municipal court, defendant appealed to the supreme court. Affirmed.

*Bert Fesler,* for appellant.

*Jaques & Hudson,* for respondent.

ELLIOTT, J.

This is an appeal from an order of the district court affirming an order of the municipal court of the city of Duluth overruling a demurrer to the complaint. The appeal involves the construction and applica-

[1] Reported in 106 N. W. 89.

tion of chapter 248, p. 459, Laws 1897. The action is brought against the city to recover damages claimed to have been caused by the negligence of the city in allowing water to escape from a defective water pipe and flow upon the plaintiff's abutting property. The leak continued during all the time between October 30, 1900, and September 1, 1903, and the action was not brought until more than a year after September 1, 1903. The plaintiff, on the theory that chapter 248, p. 459, of the Laws of 1897, applies only to actions to recover damages for personal injuries, made no attempt to comply with its provisions. The defendant contends that, taking into consideration the language of the act and the mischief which it was intended to remedy, the statute applies to all actions to recover damages to property, as well as to persons, and that the plaintiff cannot maintain the action unless the complaint alleges that the notice required by the statute was served, and, further, that the action cannot be maintained unless brought within one year from the time of the injury, as required by section 426 of the charter of the city of Duluth.

Chapter 248, p. 459, Laws 1897, is entitled:

> An act relating to actions against cities, villages, or boroughs for damages to persons injured on streets and other public grounds, by reason of the negligence of any public officer, agent or employee of any city, village or borough.

Section 1 provides:

> Before any city, village or borough in this state shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received, or suffered by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry boat, or public works of any kind in said city, village or borough, or by reason of any alleged negligence of any officer, agent, servant or employee of said city, village or borough, the person so alleged to be injured, or some one in his behalf, shall give to the city or village council or trustees, or other governing body of such city, village or borough, within thirty days after the alleged injury, notice thereof; and shall present his or their claim to compensation to such council or governing body in writing,

stating the time when, the place where and the circumstances under which such alleged loss or injury occurred and the amount of compensation or the nature of the relief demanded from the city, village or borough, and decide upon the course it will pursue with relation to such claim; and no action shall be maintained until the expiration of such time on account of such claim nor unless the same shall be commenced within one year after the happening of such alleged injury or loss.

It must be conceded that there is language in the statute which gives some support to the contention of the defendant, but this appeal must be determined upon the construction given to the title of the act in question. Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410, does not support the contention of the defendant, as it arose upon the construction of section 20, c. 8, of the charter of the city of Minneapolis, and no question of the title of the act was involved. When the title of an act contains language which is susceptible of different meanings, the court may look to the body of the act for aid in its construction. In Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, the rule was applied to this statute for the purpose of determining whether certain words which appear in the title were intended to be given their usual meaning or read in a restricted sense. The converse of the rule is equally true. If the title is clear and unambiguous, it is unnecessary to resort to any rule of construction. The language tells its own story. The title of this statute refers only to actions to recover damages for injuries to the person. It is restrictive. The act is broader than the title.

The general subject-matter of the legislation is actions against municipalities for damages. But the act is by its title restricted to actions for damages to persons and to actions for such injuries as occur on the streets and other public grounds. It is thus restricted to a particular class of actions, and to such only of this class as are brought to recover for injuries which occur in certain localities. Innumerable actions which may be brought against such corporations are not included within the purview of the statute as defined by its title. "As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being

included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. * * * The constitution has made the title the conclusive index to the legislative intent as to what shall have operation." Cooley, Const. Lim. 212.

It is true that general titles to statutes must be construed liberally and in a common-sense way, and it is sufficient if a general title is not a cloak for legislating upon dissimilar matters. But when the title is restrictive, carving out for consideration a part only of a general subject, legislation under it must be confined within the same limits, and all provisions of the act outside of such limits are unconstitutional, even though such provisions might have been included in the act under a broader title. The title is by the constitution made the conclusive index to the legislative intent as to what shall have operation. Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; State v. Hanson, 93 Minn. 178, 100 N. W. 1124, 102 N. W. 209; State v. Porter, 53 Minn. 279, 55 N. W. 134; Palmer v. Bank of Zumbrota, 72 Minn. 266, 75 N. W. 380.

It follows that, even though the language referred to by defendant can fairly be given the meaning for which it contends, which we very much doubt, it is ineffective, because beyond the scope of the title.

Section 426 of the charter of the city of Duluth has no application to this case, for the reason that it relates to injuries to persons or property received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare. The wrong complained of here did not arise by reason of defects in the condition of bridges, streets, sidewalks, or thoroughfares.

The order appealed from is therefore affirmed.