## STATE v. VICTOR PALMQUIST.[1]

December 23, 1927.

No. 26,390.

**Subject of 1927 act not expressed in its title.**

> The statute, G. S. 1923, § 10132, defines the crime of taking indecent liberties with females and fixes the age of consent at 14 years. By L. 1927, c. 394, the age is fixed at 16 years and males are included within its provisions. The subject of the amendatory act as expressed in its title is "to enlarge the definition of indecent assault to include male persons." It is *held* that the subject of the act so far as it refers to the change of the age of consent is not expressed in the title within the requirements of art. 4, § 27, of the constitution.

Statutes, 36 Cyc. p. 1031 n. 31.

Defendant demurred to an information filed by the county attorney of St. Louis county charging him with taking indecent liberties with a girl of the age of 14 years. The demurrer was overruled, and the court, Grannis, J. certified the question to this court as important and doubtful pursuant to G. S. 1923, § 10756. Remanded.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Mason M. Forbes,* County Attorney, for the state.

*Nelson & Cedergren,* for defendant.

[1]Reported in 217 N. W. 108.

DIBELL, J.

The defendant demurred to an information charging him with taking indecent liberties with a girl of the age of 14 years and under the age of 16, contrary to the provisions of L. 1927, p. 546, c. 394, which is amendatory of G. S. 1923, § 10132. The point of the demurrer is that the statute is unconstitutional in raising the age of consent from 14 years to 16 years. The trial court certifies the question to this court pursuant to G. S. 1923, § 10756, as important and doubtful.

The statute prior to the 1927 amendment was directed against any person who took indecent liberties with or on the person of a female "under the age of 14 years." The title of the 1927 act is:

"An act to amend section 10132, General Statutes 1923, so as to enlarge the definition of indecent assault to include male persons."

The statute as amended applies to "any female under the age of 16 years," and to "any male under the age of 16 years."

The constitution, art. 4, § 27, provides: "No law shall embrace more than one subject, which shall be expressed in its title."

The claim is not that the statute embraces more than one subject. It is that the subject is not expressed in the title. If the title had read, "an act to amend section 10132, General Statutes 1923," it apparently would have been good under our holdings. State ex rel. Olson v. Erickson, 125 Minn. 238, 146 N. W. 364. Other general language referring to the subject of the amendment could have been used and would have been sufficient, for the title need not be an index.

The language, "so as to enlarge the definition of indecent assault to include male persons," is restrictive. It does not indicate a purpose to extend further than to include males. It negatives such purpose. The title does not express the subject of the act so far as it increases the age of consent from 14 to 16 and negatives any change except the inclusion of males. It does not meet the constitutional requirement. Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; Megins v. City of Duluth, 97 Minn. 23, 106 N. W. 89; Hjelm

v. Patterson, 105 Minn. 256, 117 N. W. 610, 127 A. S. R. 560; 6 Dunnell, Minn. Dig. (2 ed.) § 8909, and cases cited.

Our answer to the question certified is that the title of the act of 1927 does not, within the constitutional requirement, express in its title its subject so far as it changes the age of consent to 16 years, and that the information does not state a public offense.

The case is remanded for further proceedings consistent with this opinion.

Remanded.