## STATE v. LLOYD PHILLIPS.[1]

January 18, 1929.

No. 27,149.

*Austin L. Grimes* and *Donohue, Quigley & Donohue*, for appellant.

*G. A. Youngquist*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Frederick J. Miller*, County Attorney, for the state.

[1]Reported in 223 N. W. 98.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

The indictment accused defendant with having taken indecent liberties with a boy 15 years of age.

G. S. 1923, § 10132, defines the crime of taking indecent liberties with females and fixes the age of consent at 14 years. The legislature, by L. 1927, p. 546, c. 394, undertook to raise the age of consent to 16 years and to make the statute applicable to males as well as females. The act of 1927, in so far as it relates to the change of age of consent, is unconstitutional, because that subject was not expressed in the title within the requirements of art. 4, § 27, of the constitution. State v. Palmquist, 173 Minn. 221, 217 N. W. 108.

The title of the 1927 law did comply with the constitution in respect to making the statute applicable to male persons. But, as indicated in State v. Palmquist, 173 Minn. 221, 217 N. W. 108, we now construe the 1927 law as making the statute applicable to the same class of male persons as it it to female persons, towit, those under 14 years of age. It follows that the statute as amended has no application to defendant's conduct toward a male person 15 years of age, that the indictment failed to state facts sufficient to constitute a public offense, and that defendant's conviction cannot be sustained.

Reversed.