## STATE EX REL. JAMES C. FINNEGAN v. JAMES F. BURT.[1]

November 14, 1947.

No. 34,576.

*Drake & Drake,* for relator.

*Fowler, Youngquist, Furber, Taney & Johnson,* for respondent.

*Frank J. Williams,* Assistant County Attorney for Hennepin county, on the brief for relator as *amicus curiae.*

MAGNEY, JUSTICE.

An information in the nature of quo warranto to test the right of respondent to the office of deputy sheriff for Hennepin county was filed in this court and writ issued. The attorney general consented to the institution of this proceeding.

Relator, James C. Finnegan, is a citizen, voter, and taxpayer of Hennepin county. He served as deputy sheriff during the incumbency of Sheriff Earle Brown. Ed. Ryan was elected sheriff to succeed Brown on November 5, 1946, and qualified as such on January 6, 1947. Ryan did not appoint relator as deputy or to any other

---

[1]Reported in 29 N. W. (2d) 655.

position in his office. Relator performed his duties as deputy sheriff until January 6, 1947, when Ryan dispensed with his services. Respondent, James F. Burt, was appointed deputy sheriff by Ryan and is acting as such.

Pursuant to L. 1945, c. 607, § 8, relator, feeling aggrieved, filed with the classification and salary commission of Hennepin county a notice of appeal to said commission protesting the termination of his services by Ryan. On February 11, 1947, the commission adopted a resolution as follows:

"That the Commission order Ed. Ryan, the sheriff, to reinstate forthwith Emmett L. Primeau, James C. Finnegan, Michael J. Fahey, Charles W. Hamilton, Blanche M. Hamilton and Walter W. Kaminski, and that they be paid back salary to the time they were suspended."

Relator claims that respondent is not entitled to the office of deputy sheriff on the following grounds: (a) That by virtue of L. 1945, c. 607, relator continued and still continues to hold the office of deputy sheriff to which Ryan purported to appoint respondent; and (b) that the notice given relator by Ryan that he would not appoint relator to the office of deputy sheriff and his exclusion therefrom constituted a discharge of relator within the meaning of said § 8, and that the order of the classification and salary commission hereinbefore set forth operated to reinstate relator.

Respondent denies usurpation of the office. He claims (a) that relator's term of office as deputy sheriff expired with the expiration of the term of Sheriff Brown, and that he was not discharged, demoted, or suspended within the meaning of L. 1945, c. 607, § 8; (b) that the classification and salary commission was without authority to act on relator's purported appeal and that therefore the order of the commission is null and void; (c) that c. 607 violates the provisions of Minn. Const. art. 4, §§ 33 and 34, in that it is a local and special law which undertakes to regulate the affairs of Hennepin county, the creation of offices for said county, and the mode of appointment thereto; and (d) that c. 607, and in particular

§ 8 thereof, violates the provisions of Minn. Const. art. 4, § 27, in that it embraces more than one subject and that the subject thereof is not expressed in its title.

Since it is obvious to us that § 8 is unconstitutional, we are disposing of this case solely on that ground. There is no need, as we see it, to discuss and determine the other points.

■ L. 1945, c. 607, carries the following title:

"An act to establish a classification and salary system in all counties of this state now or hereafter having a population of 500,000 or more, creating a classification and salary commission therein; fixing salaries and sums to be appropriated and spent therefor, and suspending inconsistent laws."

Section 8 relates to the discharge or demotion of employes. There is nothing in the title of the act itself to indicate that it contains provisions for the discharge or demotion of employes. Section 8 provides in part:

"No person employed in any department shall be discharged, demoted in salary or position, or suspended for more than thirty days in any year, except as hereinafter provided."

After detailing when and how an employing officer may discharge or demote an employe, said section provides for an appeal to the commission by a discharged employe, and, if the commission finds that he has been improperly discharged, for reinstatement and pay. It also sets out the cause for discharge. It is clear that § 8 cannot by any reasoning be included in the title to c. 607, purporting to establish a classification and salary system and create a classification and salary commission, and "fixing salaries and sums to be appropriated and spent therefor." Section 8 covers a separate and distinct subject not declared or suggested in the title of the act. There is nothing in the title of the act to indicate that the act itself contains tenure provisions.

Minn. Const. art. 4, § 27, provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

Since § 8 is not expressed in the title of c. 607, it is invalid. Palmer v. Bank of Zumbrota, 72 Minn. 266, 75 N. W. 380; Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; State ex rel. Day v. Hanson, 93 Minn. 178, 100 N. W. 1124, 102 N. W. 209.

In Watkins v. Bigelow, 93 Minn. 210, 222, 100 N. W. 1104, 1108, this court said:

"In determining whether the subject-matter of the act here in question is embraced in its title, the distinction between a general title to a statute and a restricted one and the rules applicable to each must be observed. The rule is that the title to a statute, if it be expressed in general terms, is sufficient if it is not a cloak for legislating upon dissimilar matters, and the subjects embraced in the enacting clause are naturally connected with the subject expressed in the title. General titles to statutes should be liberally construed in a common-sense way. [Citing cases.] But if the title to a statute be a restrictive one, carving out for consideration a part only of a general subject, legislation under such title must be confined within the same limits. All provisions of an act outside of such limits are unconstitutional, even though such provisions might have been included in the act under a broader title."

Relator contends that c. 607 is a complete code or revision of existing laws relating to deputies and employes in the various offices of the county, and, as such, that it is not subject to the constitutional requirement that the act shall not contain more than one subject, which shall be expressed in its title. We are unable to agree with this contention. The title to the act in question is a restricted one and does not purport to cover a complete code.

We are of the opinion that § 8 is clearly invalid for the reason above set forth. It does not follow that the act as a whole is void on that account. State ex rel. Anderson v. Sullivan, 72 Minn. 126, 75 N. W. 8; State ex rel. Holman v. Murray, 41 Minn. 123, 42 N. W. 858. In the Anderson case, this court said (72 Minn. 133, 75 N. W. 9):

"Where a portion of a statute conflicts with the constitution, the question whether the other parts are also void must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the remainder. The familiar rule on the subject is that, although a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other. Cooley, Const. Lim. 210."

We have limited our consideration to § 8.

Writ discharged.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.