LEROY BROWN v. VILLAGE OF HERON LAKE.[1]

January 7, 1897.

Nos. 10,328—(183).

**Statute of Limitations—Amendment—Action for Personal Injuries.**
Laws 1895, c. 30, amending G. S. 1878, c. 66, § 8 (G. S. 1894, § 5138, subd. 1), did not operate as a repeal or amendment of section 5136, subd. 5, wherein it is provided that the six-year statute of limitations shall apply to actions for injuries to the person or rights of another, not arising on obligation, and not thereinafter enumerated. The amendment falls within the doctrine of ejusdem generis, and applies only to actions based upon wrongs of a like nature to those specifically mentioned in section 5138 as it stood originally.

Action in the district court for Jackson county to recover for personal injuries resulting from the negligence of defendant in maintaining a defective sidewalk. From an order, Severance, J., overruling a demurrer to the fifth paragraph of the answer, which set up the statute of limitations as a defense, plaintiff appealed. Reversed.

*Wilson Borst*, for appellant.

*L. F. Lammers*, for respondent.

COLLINS, J. If by the amendment (Laws 1895, c. 30) to G. S. 1878, c. 66, § 8 (G. S. 1894, § 5138), the right of action set out in the complaint herein is barred by limitation if not brought within two years, the demurrer was well taken, and the order appealed from will have to be affirmed. If, however, as urged by counsel for appellant, the amendment did not have that effect, the right to bring action remains for six years, being governed by G. S. 1894, § 5136, subd. 5, and the order will have to be reversed.

---

[1] Reported in 69 N. W. 710.

We are of the opinion that the act of 1895 fails to amend the fifth subdivision of the section last referred to, and is not applicable to that class of wrongs covered by it, namely, injuries to the person or rights of another, not arising on obligation and not afterwards enumerated.

The amendatory legislation was aimed directly at section 5138, subd. 1, which fixes the limitation at two years as to certain specified acts of commission, namely, libel, slander, assault, battery, or false imprisonment, and the amendment added the words, "or other tort resulting in personal injury." There was no pretense at interference with section 5136, in the fifth subdivision of which the right of action, when the wrong or injury resulted from acts of omission, was limited to six years. No part of this subdivision was repealed unless by implication, and such repeal is not favored, nor was there any provision in the amendatory statute repealing inconsistent acts.

It is not a case where the later act revises, amends, and sums up the whole law on the particular subject to which it relates, covering all of the ground treated of in the earlier statute, and thus plainly showing that it was intended to supersede any and all prior enactments on that subject-matter. Nor is it a case where the amendatory statute is clearly intended to prescribe the only rule which should govern, and therefore must be construed as repealing the statute which had theretofore controlled.

We think, if it had been the deliberate intention to amend or repeal subdivision 5, that the legislature would have done it directly, and would not have left it to be inferred, for there is no irreconcilable repugnancy between sections 5136 and 5138 as they now stand. This being so, and, even where the legislative intent is simply doubtful, it being our duty to use every effort to make all acts stand, and to construe statutes in pari materia when they can be reconciled, we conclude that the doctrine of ejusdem generis should be applied to section 5138, as amended, and that the amendment was designed to apply only to that class of wrongs of a like nature to those specifically mentioned in the original act or section. The general rule is that, where there are general words following particular and specific words, the former must be confined to things of the same nature and kind, and there are no exceptions

to the rule which will take the amendment in question out of this general rule. A large class of civil wrongs of the same nature as those particularly specified might easily be named, and it is to these that the amendment refers and has application, and not to all.

Order reversed.