OTHO A. WINTERS v. CITY OF DULUTH.[1]

January 3, 1901.

Nos. 12,269—(142).

| 82 | 127 |
| 83 | 67 |
| 82 | 127 |
| 84 | 249 |
| 82 | 127 |
| 85 | 173 |
| 85 | 173 |
| 85 | 183 |
| 85 | 183 |
| 85 | 451 |

**Statute—Construction.**

Statutes must be so construed as to give effect to the evident legislative intent, even if the result seems contrary to rules of construction and the strict letter of the statute.

**Rule of Ejusdem Generis.**

The rule of ejusdem generis can be used only as an aid in ascertaining the legislative intent, and when that is apparent from the statute itself the rule has no application.

**Meaning of General Words.**

Material omissions in the title to an act cannot, as a rule, be supplied by reference to the enacting clause; but when the question is whether general words appearing in the title were intended to be read according to their usual meaning, or in a restricted sense, the title and the enacting clause should be read and construed together.

**Title of Act.**

The title to a statute is sufficient, within the constitutional limitation that no law shall embrace more than one subject, which shall be expressed in its title, if it is not a cloak for legislating upon dissimilar matters, and the subjects embraced in the enacting clause are naturally connected with the subject expressed in the title.

[1] Reported in 84 N. W. 788.

Notice of Personal Injury—Laws 1897, c. 248.

> Rules applied, and *held*, that Laws 1897, c. 248, relating to actions against municipalities for damages to persons injured on streets and public grounds, is constitutional in so far as it requires notice to be given of an injury sustained by any defect in any of the public places or works therein mentioned, as a condition precedent to an action therefor, but that the act, in so far as it requires such notice in actions for injuries due to the negligence of the officers or employees of a municipality, which is in no manner connected with such public places, is invalid.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., sustaining a demurrer to the complaint. Affirmed.

*J. B. Richards*, for appellant.

*Oscar Mitchell*, for respondent.

START, C. J.

This action was brought to recover damages for personal injuries sustained by the plaintiff in the pumping station connected with the defendant's system of waterworks. The complaint alleged that the plaintiff, who was an employee of the city, stumbled upon an obstruction or projection in the floor of the pumping station, which caused him to fall forward into the revolving fly wheel of the engine, which the defendant had negligently left unguarded, whereby his kneecap was broken. The complaint, however, did not allege that the plaintiff gave to the council of the defendant city any notice as to when, where, and how he was injured. The defendant interposed a general demurrer to the complaint, and the plaintiff appealed from an order sustaining it. The sole question here to be decided is whether such notice was required in this case by Laws 1897, c. 248, the title and here material provisions of which are as follows:

"An act relating to actions against cities, villages or boroughs for damages to persons injured on streets and other public grounds, by reason of the negligence of any public officer, agent or employee of any city, village or borough.

"Be it enacted   *   *   *

"Section 1. Before any city, village or borough in this state shall be liable to any person for damages for   *   *   *   any injury

\* \* \* suffered by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry boat or public works of any kind in said city, \* \* \* or by reason of any alleged negligence of any officer, agent, servant or employee of said city, \* \* \* the person so alleged to be injured \* \* \* shall give to the city \* \* \* council \* \* \* or other governing body of such city, \* \* \* within thirty days after the alleged injury, notice thereof."

The plaintiff's contention is that this statute has no application to the facts of this case, because: First, it is apparent from the title of the act that it was never intended to apply to any case except injuries received from the condition of public highways as such; second, if the different intent is expressed in the body of the act, then it is unconstitutional, because its subject-matter is not expressed in the title, as required by section 27 of article 4 of the state constitution.

1. The plaintiff's first contention is that the words "other public grounds," following the word "streets," in the title of the act, must, under the rule of ejusdem generis, be held to mean grounds of the same general kind as those previously mentioned, and be limited to public highways and places where the general public have the right to go.

If the words of the title "streets and other public grounds" were the only ones used to designate the public places in the body of the act, the rule of construction invoked might be controlling as to the legislative intent. But "canons of construction are not the masters of the courts, but merely their servants, to aid them in ascertaining the legislative intent"; and when it is ascertained the statute must be so construed as to give effect to such intention, even if it seem contrary to such rules and the strict letter of the statute. Barker v. Kelderhouse, 8 Minn. 178 (207); Ott v. Great Northern Ry. Co., 70 Minn. 50, 55, 72 N. W. 833; Foster v. Blount, 18 Ala. 687. The rule that, where general words in a statute follow particular and specific words, the former must be limited to things of the same kind as those specifically mentioned, can be used only as an aid in ascertaining the legislative intent, and when that is apparent from the statute itself the rule has no application. Sutherland, St. Const. §§ 279, 280; Willis v. Mabon,

82 M.—9

48 Minn. 140, 156, 50 N. W. 1110. Such is this case, so far as the title to the act in question is concerned; for, when we turn to the body of the act, it is perfectly obvious that the legislature did not intend to limit the words "other public grounds" to public grounds of the same kind as streets.

The legislative intent, as declared in section 1 of the act, is clear and specific. The intention is to require a notice of the injury to be given, as a condition precedent to the liability of any city to any person for any injury received by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferryboat, or public works of any kind in such city. It would be absurd as well as discourteous to impute to the legislature an intention to limit the meaning of general words used in the title of the act so as to defeat the expressed purpose of its enactment. It is true that material omissions in the title to an act cannot be supplied by a reference to the enacting clause, but when the question is whether general words appearing in the title of an act were intended to be read according to their natural and usual meaning, or in a restricted sense, the title and the enacting clause should be read and construed together. See Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637. For the reasons stated, the rule ejusdem generis does not apply to the title of this act, and we hold that the words "public grounds" were intended to be used therein in their general and usual sense; that is, as including all grounds held, used, or controlled by a city or other municipality for the use, benefit, or enjoyment of the public, and not in their restricted meaning, as including only streets, highways, and grounds which the people, without discrimination, are entitled to use, subject only to reasonable regulations.

2. The statute expressly provides that, before any city shall be liable for any injury to any person by reason of any defect in any public ground or public works of any kind of the city, the notice therein required must be given. The words "public works of any kind," as used in the statute, are broad enough to, and do, cover the facts of this case; for all fixed works constructed for public use, as railways, docks, canals, waterworks, and roads, are included in the term "public works." Cent. Dict. The plaintiff was

injured by an alleged defect in the pump house and its appliances, which were a part of the defendant's system of waterworks.

The plaintiff, however, contends that in so far as the subject-matter of the act includes, if at all, injuries by reason of any defect in any of the public works of the city,—using such term in its general and usual sense,—it is unconstitutional, because it is not expressed in the title of the act. The object of section 27 of article 4 of our constitution, which provides that "no law shall embrace more than one subject, which shall be expressed in its title," has often been declared by this court to be to secure to every distinct measure of legislation consideration solely upon its individual merits, by preventing the combination of different measures, dissimilar in purpose and character, for the purpose of securing the necessary support for their passage, and to prevent fraud upon the people and the legislature by including in an act provisions of which its title gives no intimation. It was not intended to embarrass legislation by making laws more restrictive in their scope and operation than is reasonably necessary in order to conserve the purpose for which the constitutional limitation was adopted; hence it must be liberally construed, and in a common-sense way. Bobel v. People, 173 Ill. 19, 64 Am. St. Rep. 64, 70, and notes. The rule as to when the subject of an act is expressed in its title, within the meaning of the constitution, as settled by the decisions of this court, is perhaps best stated in the case of State v. Cassidy, 22 Minn. 312, 324, in these words:

"If the legislature is fairly apprised of the general character of an enactment by the subject as expressed in its title, and all its provisions have a just and proper reference thereto, and are such as, by the nature of the subject so indicated, are manifestly appropriate in that connection, and as might reasonably be looked for in a measure of such character, then the requirement of the constitution is complied with. It matters not that the act embraces technically more than one subject, one of which, only, is expressed in the title, * * * so that they are not foreign and extraneous to each other, but 'blend' together in the common purpose evidently sought to be accomplished by the law."

This rule is recognized and illustrated by the following cases: Board of Supervisors of Ramsey Co. v. Heenan, 2 Minn. 281 (330);

State v. Kinsella, 14 Minn. 395 (524); Atkinson v. Duffy, 16 Minn. 30 (45); Gillitt v. McCarthy, supra; Minnesota L. & T. Co. v. Beebe, 40 Minn. 7, 10, 41 N. W. 232; City of Winona v. School Dist. No. 82, Winona Co., 40 Minn. 13, 41 N. W. 539; Allen v. Pioneer Press Co., 40 Minn. 117, 41 N. W. 936; Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; State v. Chapel, 63 Minn. 535, 65 N. W. 940; First Nat. Bank v. How, 65 Minn. 187, 67 N. W. 994; State v. Board of Commrs. of Red Lake Co., 67 Minn. 352, 69 N. W. 1083; State v. Phillips, 73 Minn. 77, 75 N. W. 1029.

The cases cited are all to the effect that the title to a statute is sufficient if it is not used as a cloak for legislating upon dissimilar matters, and the subjects embraced in the enacting clause are naturally connected with the subject expressed in its title. Tested by this rule, and construed liberally, the title to the act here in question is sufficient to include injuries to persons by reason of defects in public grounds and places of a city, such as its public works of any kind; for they are naturally connected with and suggested by the subject of the act as expressed in its title. The term "public grounds," in its general and usual meaning, and in the sense in which it is used in the title to this statute, includes any public works of the city.

Our conclusion as to the sufficiency of the title of this act may also be, and is, rested upon the broader ground that the general subject-matter of the act, as expressed in its title, is the regulation of actions against municipalities for damages to persons injured on the public grounds of such municipalities, and that all of the provisions of the act which we have specially considered are not only germane to the title, but manifestly within its spirit. The necessity for notice to a municipality of an injury suffered by reason of a defect in any of its public works or grounds is just as essential for its protection as it would be in case the injury was caused by a defect in its streets, and to limit its operation to injuries caused by the condition of its public highways would defeat the manifest purpose of the act, by an illiberal construction, contrary to the spirit of the constitutional limitation.

The title to this act, however, is not broad enough to cover, as

claimed by the defendant, actions for injuries due to the negligence of the officers or employees of a municipality which is in no manner connected with any of its bridges, streets, sidewalks, parks, public grounds, ferryboats, or public works of any kind, and to this extent it is invalid. But we do hold that the act, in so far as it requires notice to be given of any injury sustained by reason of any defect in any of the public places, grounds, or works of a municipality enumerated in the act, as a condition precedent to the right to maintain an action therefor, is constitutional, and that the complaint in this case does not state a cause of action.

Order affirmed.

COLLINS, J. (dissenting).

I am compelled to dissent. The act, according to its title, relates simply to "persons injured on streets and other public grounds." To use the language of counsel: "The general words 'and other public grounds,' immediately following the word 'streets,' under the well-settled rule of ejusdem generis, must be held to mean grounds of the same general kind as those mentioned, viz. public highways and places where the general public have the right to go, and they cannot be held to mean anything different." See cases directly in point, in which this rule has been applied in this court: Berg v. Baldwin, 31 Minn. 541, 18 N. W. 821; State v. McCrum, 38 Minn. 154, 36 N. W. 102; Brown v. Village of Heron Lake, 67 Minn. 146, 69 N. W. 710; Rhone v. Loomis, 74 Minn. 200, 77 N. W. 31. See also 17 Am. & Eng. Enc. 278.

This act repealed by implication, and superseded, provisions in a number of municipal charters requiring notice to be served as a condition precedent to the maintenance of actions for personal injuries. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375. Not one of these charter provisions required such notice, except when the injuries were received by means of a defect in a street, bridge, sidewalk, or public thoroughfare. If it had been the legislative intent to include all actions against municipalities based upon personal injuries, there would have been no enumeration of places at all, but the title of the act would have been compre-

hensive, and would, in terms, have included all places over which municipalities had control. We would have no places specified within which the injuries must have been received. "Streets and other public grounds" would not have been mentioned. The legislators would not have been so particular in specifying that this act related to those particular places, but would have used "one compendious word" to express what was intended and what was designed. I think the language plain, and incapable of any other construction than that which is obtained by an application of the rule of construction before mentioned.

While I may be wrong, I believe that no one looking for a statute requiring the plaintiff in this case—injured as he was in a building used for a pumping station—to serve a notice upon the city would expect to find such a requirement in an act having the title of the one now before us  But the question here is not altogether one of legislative intent, as it might be if we were simply confronted with words used in the body of the act. The real question is as to the subject-matter of the act, and whether it is sufficiently expressed in the title. If not, it is obnoxious to the fundamental law.

If I understand the main opinion, the body of the act is gone into to ascertain what was intended, and to sustain the title as against the constitutional prohibition; for it is admitted that the rule mentioned might control if the words found in the title "were the only ones used to designate the public places in the body of the act." And again, "when we turn to the body of the act, it is perfectly obvious that the legislature did not intend to limit the words 'other public grounds' to public grounds of the same kind as streets." I do not think the title to this act can be disposed of, and declared to be in compliance with the constitutional provision, by saying that the words "public grounds" were intended to be used therein in their general and usual sense, and not in their restricted meaning. "Public grounds" generally and usually mean grounds owned by the public and used publicly; that is, by the public indiscriminately, in a public manner. See James v. Wilder, 25 Minn. 305; County of Hennepin v. Brotherhood of the Church, 27 Minn. 460, 8 N. W. 595; Chicago, B. & N.

R. Co. v. Porter, 43 Minn. 527, 46 N. W. 75. A pumping station may be owned by the public. So is a lighthouse. But neither is used publicly. Each, except as to ownership, is as much a private establishment as if the property of an individual. If such structures can be included in the general description of "grounds," it becomes more difficult to see how either can properly be designated "public grounds."

Reference has been made to the phrase "public works of any kind," as found in the Century Dictionary, and the statement made that it is defined broadly enough to include "waterworks." But railways are also included in the same definition. Is it to be understood that the act in question is broad enough to include actions for damages where persons are injured upon railways or in railway stations by reason of the negligence of an officer, agent, or employee of a municipality? That is certainly the fair inference.

I do not think the title fairly apprised the legislators of the subject of the act, as that subject is determined in the main opinion, and for that reason the act itself should not be upheld. But I do not wish to be understood as agreeing to the construction placed upon the language used in section 1 by the majority. The words "or public works of any kind" are broader than "other public grounds," in all probability; but to them should be applied the same rule,—that of ejusdem generis,—and for the same reasons. They refer to works or places of the same general nature as those which have been, in immediate connection therewith, so carefully specified and mentioned, or possibly it might be held that they refer to public work being done in such places,—for illustration, the construction of a sewer in a park for city purposes solely, and not for the use of the public at large. Taking the main opinion as a whole, it seems to me that the rule referred to is first arbitrarily rejected, and then the words used in the body of the act, "public works of any kind," are stretched far beyond their usual and natural meaning, in order to include a pumping station, not a public work, except in a limited sense. And then, to save the title from the constitutional prohibition, the rule is again rejected, and the stretching process again re-

sorted to, when holding that a city pumping station is within the title of an act relating to injuries received "on streets and other public grounds."