## WILLIAM KELLY v. CITY OF FARIBAULT.[1]

June 23, 1905.

Nos. 14,380—(112).

**Notice of Injury.**

Chapter 248, p. 459, Laws 1897, requiring thirty days' notice to be given to a municipality of claims for injuries received from defects in its streets, sidewalks, or its public works, before action therefor, does not apply to a case where an employee or servant asks for redress for injuries from the negligence of a city in failing to provide a reasonably safe place for its servants to work, or other absolute duties of the master.

Action in the district court for Rice county to recover $10,000 for personal injuries sustained by plaintiff while in defendant's service. From an order, Buckham, J., overruling a general demurrer to the complaint, defendant appealed. Affirmed.

*Robert Mee,* for appellant.

*P. McGovern,* for respondent.

LOVELY, J.

This appeal is from an order overruling a general demurrer to a complaint which alleges that at a designated time, in the city of Faribault, plaintiff was at work repairing one of the public streets therein

---

[1] Reported in 104 N. W. 231.

under the employment of the defendant, by the superintendent of its waterworks, who had general charge, and was authorized to hire the plaintiff; that such superintendent placed the plaintiff at work in a trench which was defective in its construction and was not properly braced, which caution was omitted by defendant, whereby the loose earth fell upon and injured plaintiff, for which he seeks to recover damages in a substantial sum.

The accident occurred more than thirty days previous to the commencement of the action, and it was insisted by the defendant city, that inasmuch as it did not appear that plaintiff had served the notice of his claim thirty days after it occurred, and before suit, under the terms of chapter 248, p. 459, Laws 1897, it could not be maintained.

The provisions of this statute relate to a defective bridge, street, public works, or places therein enumerated; and we think it very clear, from the history of the law requiring notice to municipalities of injuries thereon, and its subsequent development, that it never was intended to apply to the relations between master and servants when the latter are injured by reason of failure of the former to provide a reasonably safe place for the servant to work, or as to any absolute duties which are enjoined by law upon the employer. The object of the notice when required is well understood to be to give the municipality an opportunity to investigate, and to protect against fictitious claims. The reason for the rule hardly applies in a case where its own servants are injured in such work by the negligence of the master, but specifically to cases where the public are interested in using within their rights the property of the city. With reference to such injuries, when they occur, the municipality would seldom have notice or opportunity to obtain the requisite information of the cause thereof, or the evidence of the city's negligence, to enable it to defend, after long delay. This would not apply to an injury of the kind happening in this case, for it must be presumed that, with reference to its own servants, and the violation of its duties to them, it has and ought to have the same notice as other persons occupying the relation of employer over the persons who are in direct relation with it. While a very strict and technical construction of the statute might bring the case within its letter, we are very clear it was not within its spirit, and, if it is desired that it should be, the relief must be obtained from the legislature.

The order appealed from is affirmed.