JOHN PESEK v. CITY OF NEW PRAGUE.[1]

January 19, 1906.

Nos. 14,647—(206).

**Notice of Injury.**

Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231, to the effect that chapter 248, Laws 1897, requiring thirty days' notice to a municipality as a condition precedent to the right to maintain an action against it for injuries caused by defects in its streets, sidewalks, or other public grounds, does not apply where the injury complained of was received by an employee of the municipality in the due performance of his duties, where the relation of master and servant exists, followed and applied.

**Case Distinguished.**

Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, distinguished.

Action in the district court for Scott county to recover $15,000 for personal injuries received by plaintiff's minor son while in the performance of his duties as an employee of defendant. From an order, Morrison, J., overruling a general demurrer to the complaint, defendant appealed. Affirmed.

*Francis Cadwell* and *W. T. Hanzal,* for appellant.
*A. J. Edgerton* and *W. C. & W. F. Odell,* for respondent.

[1]Reported in 106 N. W. 305.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's ·complaint.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence and carelessness of defendant in failing to guard and protect certain machinery operated by it in ·connection with its waterworks and electric light plant system, by reason of which, and without fault on his part, plaintiff's minor son was seriously injured while engaged in the performance of his duties as a servant of defendant. Two points are made against the sufficiency of the complaint: First, that it does not allege that prior to the commencement of the action notice was served upon defendant, as re-· ·quired by chapter 248, p. 459, Laws 1897, requiring as a condition pre-·cedent to the right to maintain an action against a city, village, or bor-·ough of this state, a notice specifying the cause of the injury, the time and place thereof, and the amount of damages claimed; and, second, that the complaint does not allege that it was practicable to guard and ·protect the machinery which caused the injury complained of.

The first question was disposed of adversely to the contention of defendant in the case of Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231. It was there held in substance and effect that the statute referred to does not apply to cases of injuries to employees of the city or ·village occasioned during the performance of their duties as such; ·cases involving the relation of master and servant. In the case at bar, plaintiff's minor son was an employee of the defendant, the relation ·of master and servant existed, and the injuries complained of were received while he was engaged in the due performance of his duties, and, as alleged in the complaint, by reason of the failure and neglect of the city to properly guard and protect the machinery about which he was engaged at work. The question was presented and argued in the Kelly case, and the decision there made is decisive of the case at bar. An examination of the record discloses that the plaintiff in the case of Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, was an employee of the city, and was injured while engaged in the performance of his duties; but the precise question here involved was not there discussed nor decided. The decision in the Kelly case must be regarded as the · law of the state upon a construction of the statute referred to.

The point that the complaint does not allege that it was practicable to guard and protect the machinery is not well taken. As against a demurrer the complaint is sufficient in this respect. It distinctly alleges that it was the duty of defendant to guard the machinery, and that it negligently failed in the performance thereof.

Order affirmed.