# HENRY MITCHELL v. VILLAGE OF CHISHOLM.[1]

December 29, 1911.

Nos. 17,259—(134).

**Statutory notice of personal injury — complaint defective.**

The plaintiff, while lawfully on private property, was injured by being struck by a piece of rock hurled by the blasting, in a negligent manner, of rocks and boulders by the defendant in one of its streets. He brought this action to recover damages for his injuries, but did not give the notice provided for by section 768, R. L. 1905. *Held*, that the action is within the statute, and that the complaint does not state a cause of action.

Action in the district court for St. Louis county to recover $15,000 for personal injury. From an order, Dancer, J., overruling defendant's demurrer to the complaint, it appealed. Reversed.

*Woods & Knapp* and *Bert Fesler,* for appellant.

*John Jenswold, Jr.,* for respondent.

START, C. J.

This is an appeal in a personal injury action from an order of the district court of the county of St. Louis overruling a general demurrer to the complaint.

So far as here material, the allegations of the complaint are to the effect following: On June 18, 1909, the defendant was engaged in blasting rocks and boulders in a public street of the village, without taking any precaution to guard against pieces thereof being hurled beyond the limits of the street, thereby exposing numerous persons to imminent danger and constituting a public nuisance; and on the day named the plaintiff, while lawfully standing on private

[1] Reported in 133 N. W. 804.

---

[Note] Notice of claim and cause of injury as condition of municipal liability for defect in highway, generally, see note in 20 L.R.A.(N.S.) 757.

Liability for injury to person or property from concussion caused by blasting, see notes in 12 L.R.A.(N.S.) 389; 27 L.R.A.(N.S.) 425.

property within the corporate limits, was, without warning or notice, struck and injured by a part of a rock hurled by a blast with such force and at such distance as to hit him.

The complaint failed to allege notice to the village of the time, place, and circumstances of his injuries, as provided by section 768, R. L. 1905. The provision is as follows:

"Every person who claims damages from any city, village, or borough, for loss or injury sustained by reason of any defect in a street, road, bridge, or other public place, or by reason of the negligence of its officers, agents or servants, shall cause to be presented to its council or other governing body, within thirty days after the alleged loss or injury, a written notice. * * * No action therefor shall be maintained unless such notice has been given, or if commenced, * * * more than one year after the occurrence of the loss or injury."

This action was commenced June 11, 1911, and more than one year after the accident whereby plaintiff was injured. The sole question for our decision is whether the statute applies to this action.

The original of section 768 was Laws 1897, p. 459, c. 248. In construing the original act, we held in effect that the clause therein, "or by reason of the negligence of its officers, agents or servants," was not germane to the title to the act; hence no effect was given to it prior to the revision of 1905. Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; Megins v. City of Duluth, 97 Minn. 23, 106 N. W. 89. This clause, however, as it appears in section 768 of the revision, is valid. Therefore full effect must be given to it, for it can no more be eliminated by construction than the other provisions of the section. The section is a part of the revision, which became effective March 1, 1906, and was duly passed under an appropriate general title; hence the whole section is valid from that date. State v. Barnes, 108 Minn. 230, 122 N. W. 11.

It is clear from the allegations of the complaint that the plaintiff's injury resulted from the negligence of some of the officers, agents, or servants of the village. In blasting the rock in the street the municipality was of necessity acting by such agents or servants, who were negligent in not taking the necessary precautions to prevent

pieces of the rock being thrown beyond the limits of the street. The gist of the action is such negligence, and it is not a common-law action for maintaining a nuisance, as claimed by the plaintiff; for the complaint cannot be fairly so construed. The trial court was of the opinion that this action was not within the statute, because the village itself was engaged in doing the blasting, and was as fully informed as any other employer would be under like circumstances.

The cases of Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231, and Pesek v. City of New Prague, 97 Minn. 171, 106 N. W. 305, holding that the statute does not apply to the case of a laborer injured while in the services of the municipality by its negligence in not providing a safe place in which to work, are cited in this connection. Each of these cases arose prior to the time when the revision became effective, and neither is here controlling.

It follows that we must give some effect to the clause in question; for it is valid, and cannot be eliminated by construction, even if the court were unable to see any good reason for its enactment. The statute being within the power of the legislature, it was the exclusive judge of the necessity and reason for its enactment. The reason for it, however, is manifest. A municipality, unlike a personal employer, can only be present and act in the execution of municipal work by its agents or servants, who are constantly changing. It is therefore important that it be informed within a reasonable time of the circumstances of an accident occurring in the execution of its work and resulting in injury to a claimant, so that it may be able intelligently to investigate the merits of the claim before the employees who were in charge of the work leave its employment. We hold that this action is within the statute and that the complaint does not state a cause of action.

Order reversed.