## McMULLIN LUMBER COMPANY v. VILLAGE OF PINE ISLAND.[1]

July 26, 1912.

Nos. 17,482—(61).

**Claim against village or city — notice.**

R. L. 1905, § 768, requiring notice to a city, village, or borough of a claim for damages for loss or injury by reason of any defect in a street, road, bridge, or other public place, or by reason of the negligence of its officers, agents, or servants, has no application to a claim of liability under section 4536, R. L. 1905, for loss sustained by one furnishing labor or material to a contractor with a municipal corporation by reason of the failure to take from the contractor the bond required by section 4535.

[1] Reported in 137 N. W. 192.

Note.—As to validity of requirement of notice of injury as a condition of municipal liability, see note in 36 L.R.A. (N.S.) 1136.

Action in the district court for Hennepin county to recover $383.22 damages for alleged negligence of the officers of defendant corporation in failing to take a bond as provided by section 4535, R. L. 1905. The case was tried before Dickinson, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*A. J. Rockne* and *D. C. Sheldon,* for appellant.

*Van Derlip & Lum,* for respondent.

BUNN, J.

Defendant in June, 1909, entered into a contract with one Nason for the construction of a village hall and lockup, and Nason erected and constructed the same pursuant to the contract. Plaintiff sold Nason building material, which was used in the construction and was of the value of $923.57. Of this sum, $383.22 was not paid by Nason. This action was brought against the village to recover this unpaid balance as the loss sustained by plaintiff because of the alleged failure of defendant to demand and receive from Nason a bond conditioned as provided by R. L. 1905, § 4535. The complaint alleged the failure to demand or receive the bond, that Nason was insolvent, that plaintiff had made and filed a verified statement of its claim with defendant, as required by statute, and demanded payment thereof, and that said claim had been disallowed and payment refused. Defendant answered, admitting the contract with Nason and the construction thereunder of the village hall and lockup, and the allegations of the complaint as to the presentation of the claim to and its disallowance by the village, alleging that defendant took a bond from Nason, and denying the other allegations of the complaint.

When the case came on for trial, defendant did not appear, and the court, after hearing the evidence, made findings of fact and conclusions of law, and ordered judgment for plaintiff. The court found that Nason was insolvent and had no property within the state, and that defendant failed and neglected to take or procure the bond required. From the judgment entered on the decision, defendant appealed to this court.

The only ground upon which defendant contends for a reversal of the judgment is that plaintiff failed to give the notice required by section 768, R. L. 1905. This section, which has often been before this court, provides that "every person who claims damages from any city, village, or borough, for loss or injury sustained by reason of any defect in a street, road, bridge, or other public place, *or by reason of the negligence of its officers, agents, or servants,* shall cause to be presented to its council or other governing body, within thirty days after the alleged loss or injury, a written notice stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded."

It is defendant's position on this appeal that this section applies to a claim under R. L. 1905, § 4536, for the loss sustained by one who furnishes labor and material to a contractor for a public work, by reason of the failure of the municipality to take the bond from the contractor required by R. L. 1905, § 4535. We are clear that this position is untenable.

The liability imposed by section 4536 is clearly not in the nature of a liability for injuries to the person or to property caused by negligence of the officers, agents, or servants of the city or village. Whether it is strictly ex contractu, or ex delicto, is unimportant. It would seem to be a liability created by statute, and in the nature of a contract obligation. In any case it is clear that section 768 has no application, and that it was not necessary to give the notice prescribed by that section before suit could be maintained. That section has never been construed as applicable to any claims except those for injuries to persons or property sustained in accidents caused by defects in streets, roads, or public places, or by the negligence of the officers, agents, or servants of the city or village.

The reason for the enactment of the statute is stated in Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804, to be that it is important that the city or village be informed within a reasonable time of the circumstances of an accident resulting in injury to a claimant, so that it may be able intelligently to investigate the merits of the claim before the employees in charge of the work leave its employment. No such reason can be logically urged in support of a

holding that the statute applies to a case where there is no accident, and no injury resulting therefrom to the person or property of a claimant. We hold that it was not necessary to give the notice prescribed by section 768, and that the claim was one that was properly presented to the common council for allowance under section 738, R. L. 1905.

It should not be understood that we hold that the judgment could not be affirmed on other grounds suggested by respondent. We decide only the question argued by appellant.

Judgment affirmed.