## LAWRENCE GAUGHAN v. CITY OF ST. PAUL.[1]

### July 26, 1912.

### Nos. 17,577—(186.)

**City charter — notice of injury to servant — violation of master's duties.**
Section 690 of the charter of the city of St. Paul, which is substantially identical with R. L. 1905, § 768, requiring written notice of injuries caused by any defect in any bridge, street, etc., or by reason of any alleged negligence of any officer, agent, servant, or employee of the said city, to be given to the city council as a condition precedent to the right to sue therefor, does not require such notice as a condition precedent to the right of an employee of the said city to sue for injuries caused by the city's failure to provide such employee with a safe place in which to work, or by the city's violation of any of the absolute duties of a master to the servant.

Action in the district court for Ramsey county to recover $20,000 for personal injuries. The case was tried before Dickson, J., who sustained defendant's objection to the introduction of any testimony

[1] Reported in 137 N. W. 199.

---

Note.—As to applicability in case of injury to municipal employee, of rule requiring notice of defect or notice of injury as condition of municipal liability for personal injury on street or highway, see note in 28 L.R.A.(N.S.) 533.

on the ground the complaint did not state a cause of action and granted defendant's motion to dismiss the case. From the order denying his motion for a new trial, plaintiff appealed. Reversed.

*John J. Kirby* and *J. C. Michael,* for appellant.

*O. H. O'Neill, Kenneth G. Brill,* and *Albin E. Bjorklund,* for respondent.

PHILIP E. BROWN, J.

Action to recover damages for personal injuries claimed to have been caused by the negligence of the defendant. It was alleged in the complaint, in substance, that on May 20, 1911, while the plaintiff was in the employment of the defendant as a laborer upon its streets for hire, and in charge of its general foreman, he was ordered by the said foreman into an unsafe place in which to work, namely, an earth bank maintained and used by the defendant to furnish material for use in the repair and construction of its streets, and while there, and when acting within the scope of his employment and in the line of his duty, was injured solely by the negligence of the defendant, wherefore damages in a stated sum were claimed. The complaint contained no allegation of the service upon the council of the defendant city of any notice or claim of injury, as required in certain cases by section 690 of the defendant's charter and by R. L. 1905, § 768.

The defendant answered, denying all claims of its negligence, and alleged the defenses of contributory negligence and assumption of risks. To this answer the plaintiff interposed a reply, which was in effect a general denial.

The cause was tried on these pleadings to a jury, and the plaintiff had a verdict, which, however, was subsequently set aside, because the damages awarded were excessive. The case was thereafter brought on for a retrial on the same pleadings, whereupon the court sustained an objection, interposed at the outset by the defendant, to the introduction of testimony, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and also its motion to dismiss the action; the basis of the court's rulings being the failure of the plaintiff to serve or to plead the service of the written notice of

injury above mentioned. The plaintiff excepted to these rulings. A case was subsequently settled, and a motion for a new trial was made and denied. This is an appeal from such order.

Several grounds for reversal are urged by the plaintiff, including the claim that he was not required, as condition precedent to the maintenance of his action, either to plead or to prove that within thirty days after his injury he served on the defendant's council the notice and claim required either by section 690 of the defendant's charter or section 768, R. L. 1905, which contention is the only one we deem it necessary to consider and determine on this appeal.

Chapter 248 of the Laws of 1897 was the original of section 768 of the Revised Laws of 1905, and the body of this chapter is identical with the provisions of section 690 of the charter of the City of St. Paul. In Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, decided in January, 1901, it was held that the act, in so far as it required the statutory notice to be given in actions for injuries due to the negligence of the officers or employees of a municipality, which are in no manner connected with any of the enumerated utilities, places, or works of the municipality, was unconstitutional, because of the insufficiency of the title of the act, but that the other portions of the statute were valid. In other words, the court "held in effect that the clause therein, 'or by reason of the negligence of its officers, agents, or servants,' was not germane to the title of the act. Hence no effect was given to it prior to the Revision of 1905." The act referred to was included in this revision, however, as section 768, and hence the part theretofore held unconstitutional was cured (Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804), and since March 1, 1906, the time when the Revised Laws went into effect, the entire act has been in force.

While the phraseology of the act of 1897 and of the present statute differs somewhat, the meaning is substantially identical. In effect, then, since March 1, 1906, the provisions of the charter of St. Paul and the general laws stated have been identical. In Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231, an action for personal injuries, decided in June, 1905, the facts were that the defendant's superintendent of waterworks, who was authorized by the de-

119 M.—5.

fendant city to hire the plaintiff, and who had general charge of the works, employed him, and while the plaintiff was engaged in repairing one of the city streets he was placed by such superintendent at work in a trench which was defectively constructed and improperly braced, with the result that the loose earth fell upon the plaintiff and injured him—a case parallel in its facts with the instant case. It was there held, Mr. Justice Lovely writing the opinion, on what we regard as sound reasoning, that the chapter referred to did not apply to a case where an employee or servant seeks redress by action for injuries received because of the city's failure to provide him with a reasonably safe place in which to work, or to its failure to perform other absolute duties of the master. The reasoning upon which such determination was reached is clearly stated therein as follows:

"The provisions of this statute relate to a defective bridge, street, public works, or places therein enumerated; and we think it very clear, from the history of the law requiring notice to municipalities of injuries thereon, and its subsequent development, that it never was intended to apply to the relations between master and servants when the latter are injured by reason of failure of the former to provide a reasonably safe place for the servant to work, or as to any absolute duties which are enjoined by law upon the employer. The object of the notice, when required, is well understood to be to give the municipality an opportunity to investigate, and to protect against fictitious claims. The reason for the rule hardly applies in a case where its own servants are injured in such work by the negligence of the master, but specifically to cases where the public are interested in using within their rights the property of the city. With reference to such injuries, when they occur, the municipality would seldom have notice or opportunity to obtain the requisite information of the cause thereof, or the evidence of the city's negligence, to enable it to defend, after long delay. This would not apply to an injury of the kind happening in this case, for it must be presumed that, with reference to its own servants, and the violation of its duties to them, it has and ought to have the same notice as other persons occupying the relation of employer over the persons who are in direct relation with it. While a very strict and technical construction of the statute might

bring the case within its letter, we are very clear it was not within its spirit, and, if it is desired that it should be, the relief must be obtained from the legislature."

This case was followed and approved in Pesek v. City of New Prague, 97 Minn. 171, 106 N. W. 305, decided in January, 1906, wherein, likewise, the relation of servant and master existed between the parties. Mr. Justice Brown, in the opinion, pointed out that the case of Winters v. City of Duluth, supra, in fact involved the relation of master and servant, but that an examination of the record disclosed that the question of serving written notice on the defendant city was neither discussed nor decided therein.

In Mitchell v. Village of Chisholm, supra, the act and statute referred to were again considered. This was an action to recover for personal injuries, but involved no relation of master and servant between the parties. The case did involve the construction and application of that part of the act of 1897 which had been held unconstitutional in Winters v. City of Duluth, supra, and it was held that the giving of the statutory notice was essential, when the gravamen of the action was an injury caused by the negligence of the city's officers, agents, or servants, though the injury did not occur in any of the places enumerated in the statute. The Kelly and Pesek cases were referred to, and held not to be controlling, and it is equally true that the instant case is not controlled by the Mitchell case, for, as we have already noted, that case involved no relation of master and servant between the parties. To the doctrine of that case we adhere, while at the same time following the rule announced in the Kelly and Pesek cases, which, we think, is in no wise inconsistent with the decision in the Mitchell case. The question here involved merely comes to this:

Does the holding of the Mitchell case, to the effect that the Revision of 1905 revived that portion of the act of 1897 which was held to be unconstitutional in Winters v. City of Duluth, supra, require in reason, or render advisable in the interest of justice, the overturning of the rule announced in the other cases referred to, in which the relationship of master and servant was considered? We are of the opinion that the question must be answered in the negative.

The Supreme Court of Washington, in the case of Giuricevic v. City of Tacoma, 57 Wash. 329, 106 Pac. 908, 28 L.R.A.(N.S.) 533, and also in Wolpers v. City, 66 Wash. 633, 120 Pac. 113, states the same views as here expressed with reference to the Kelly case, and we think that the Wolpers case fully sustains the other conclusions here announced.

Order reversed.