# JAKE QUACKENBUSH v. VILLAGE OF SLAYTON.[1]

January 31, 1913.

Nos. 17,786—(155).

**Notice of personal injury — statute not applicable.**

In an action brought against a municipality to recover damages for personal injuries received by a person while in its employ as a servant, and by reason of its negligent failure to discharge the duties of a master, R. L. 1905, § 768, does not apply, either as to the service of written notice or as to the limitation of one year within which the action must be brought.

**Limitation of action for personal injury.**

*Held*, also, that the limitation of two years prescribed by subdivision 1 of section 4078, R. L. 1905, does not apply to actions to recover damages for personal injuries received through another's negligence.

[1] Reported in 139 N. W. 716.

Action in the district court for Murray county to recover $30,000 for personal injury. Defendant demurred to the amended complaint on the ground that the facts stated therein did not constitute a cause of action. The demurrer was sustained, Nelson, J., with leave to plaintiff to amend the complaint. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*Tom Davis, Ernest A. Michel, D. L. Kennedy* and *John I. Davis,* for appellant.

*A. J. Daley* and *M. J. Harrington,* for respondent.

HOLT, J.

The court sustained a demurrer to the complaint, and plaintiff appeals.

Plaintiff alleges that he was employed by the defendant, a duly incorporated village, as a laborer in the operation of a gas plant maintained by the defendant; that while so employed he was set to work in a place rendered unsafe through the negligence of defendant in permitting drain pipes to become clogged, by reason whereof gas accumulated and exploded, burning and injuring plaintiff. The complaint lacks directness and definiteness in the statement of the particular negligence which caused the injury, but as against a demurrer we think the allegations are sufficient to show that defendant, as master, violated its duty to provide a reasonably safe place wherein plaintiff, its servant, was set to work.

The chief contention of defendant is that the complaint fails to state a cause of action, for the reason that it is not alleged that the notice specified in section 768, R. L. 1905, was served on defendant. Since the decision of the trial court was rendered herein, we have had occasion to pass on the necessity of notice to a municipality in the case of injury to one of its servants, and have held that it is not a prerequisite to a suit. Gaughan v. City of St. Paul, 119 Minn. 63, 137 N. W. 199. The charter provision there considered is essentially the same as the above-cited section of the statute. We adhere to and follow that decision, which is also in accord with Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231, and Pesek v. City of New Prague, 97 Minn. 171, 106 N. W. 305. In the case of Mitchell v.

Village of Chisholm, 116 Minn. 323, 133 N. W. 804, relied on by defendant, an injury to a servant was not involved, and, as pointed out in the Gaughan case, has no bearing where the action is by a servant against the master, the municipality.

But it is contended by defendant that the limitation of one year in which an action must be commenced against a village, contained in said section 768, applies to all personal injury actions, and is not restricted to those in which notice is required to be served. We are unable to adopt that view. We hold that the limitation in the section relates to those actions only which cannot be maintained against a municipality unless notice of the injury is given as therein provided.

It is also claimed that the court properly sustained the demurrer, because more than two years elapsed between the time the cause of action accrued and the commencement of the suit. In other words, the defendant contends that this action is governed by the limitation prescribed by subdivision 1, section 4078, R. L. 1905, instead of by subdivision 5 of section 4076 thereof. The decisions of this court are to the contrary. Brown v. Village of Heron Lake, 67 Minn. 146, 69 N. W. 710; Ackerman v. Chicago, St. P. M. & O. Ry. Co. 70 Minn. 35, 72 N. W. 1134; Ott v. Great Northern Ry. Co. 70 Minn. 50, 72 N. W. 833. Sixteen years have passed since the court placed its construction on the law governing the limitation of personal injury actions, and it ought now to be adhered to, under the doctrine of stare decisis.

Order reversed.