# GERTRUDE FRASCH v. CITY OF NEW ULM.[1]

### June 11, 1915.

### Nos. 19,262—(164).

**Municipal corporation — statutory notice of claim.**

1. Service of the written notice prescribed by section 1786, G. S. 1913, is a condition precedent to the maintenance of a suit to recover damages from a city on account of an illness contracted from the use of contaminated water supplied from the waterworks owned and operated by the city.

**Statute valid.**

2. The statute is not an arbitrary discrimination in favor of municipalities owning and maintaining public utilities as against private parties carrying on similar enterprises, and is not violative of any constitutional provision.

Action in the district court for Brown county to recover $6,000. From an order, Olsen, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Davis & Michel,* for appellant.

*Pfaender & Flor* and *S. B. Wilson,* for respondent.

HOLT, J.

The city of New Ulm owns and maintains a system of waterworks, from which its inhabitants are supplied with water for a fixed price. The city is sued for negligently furnishing plaintiff contaminated

---

[1] Reported in 153 N. W. 121.

Note.—As to the validity of requirement of notice of injury as a condition of municipal liability, see note in 36 L.R.A.(N.S.) 1136. And as to the constitutionality of requirement of notice of injuries to other than municipal corporations as a condition of liability for personal injuries, see note in 15 L.R.A. (N.S.) 203.

As to character of claims within statute or ordinance requiring notice or presentation as a condition of municipal liability, see note in 50 L.R.A.(N.S.) 174.

water, causing her severe illness and large expense. This appeal is from an order sustaining a demurrer to the complaint.

No question is made of the sufficiency of the complaint, except for the absence of an allegation that written notice of claim was served upon the city, within 30 days of the loss or injury, in accordance with the provision of section 1786, G. S. 1913. Plaintiff contends that the section does not apply to a case of the kind here involved, and, further, if the law be construed applicable here, it runs counter to the Constitution.

Previous to the enactment of chapter 391, p. 552, Laws 1913 (G. S. 1913, §§ 1786–1789), this court had held a notice not required in case of suit by a personal representative for death by wrongful act of a city, nor in case of damages claimed on account of negligence in the discharge of the duties of a city as master. Orth v. Village of Belgrade, 87 Minn. 237, 91 N. W. 843; Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231; Pesek v. City of New Prague, 97 Minn. 171, 106 N. W. 305; Gaughan v. City of St. Paul, 119 Minn. 63, 137 N. W. 199; Quackenbush v. City of Slayton, 120 Minn. 373, 139 N. W. 716. The act of 1913, by specifically covering cases previously excluded by our decisions, indicates an intent to extend the protection afforded municipalities in the requirement of written notice of claim before suit. This, together with the language employed in the title and body of the act, leaves no room to doubt the legislative purpose was that no person should be permitted to sue a municipality for damages suffered through the negligence of any of its officers, agents, servants or employees, unless he has served a written notice of claim within the time specified in the act. Diamond Iron Works v. City of Minneapolis, 129 Minn. 267, 152 N. W. 647.

But, it is said, the provision with respect to written notice of claim should be confined to actions involving or pertaining to the public or governmental functions of a city, and not to causes arising out of the conduct of some private endeavor which it may choose to enter upon, such as the maintenance of waterworks or lighting systems. We have held municipal corporations to the same accountability for negligence in the conduct of enterprises other than strictly governmental that we exact from private corporations engaged in

similar business. Wiltse v. City of Red Wing, 99 Minn. 225, 109 N. W. 114; Keever v. City of Mankato, 113 Minn. 55, 129 N. W. 158, 775, 33 L.R.A.(N.S.) 339, 343, Ann. Cas. 1912A, 216; Brantman v. City of Canby, 119 Minn. 396, 138 N. W. 671, 43 L.R.A. (N.S.) 862. And it may be conceded that, in respect to every injury resulting from a negligent operation of its system of waterworks, defendant is answerable in damages to the same extent as would be a private owner thereof. But, even so, the legislature is not, because of similarity of liability, precluded from making distinctions between municipalities and private corporations in respect to conditions precedent to suit. When those conditions are complied with, the liability and redress are the same. This is a period when municipalities are not confined strictly to the functions of governmental agencies, but are permitted to embark in a variety of enterprises deemed beneficial and convenient to its inhabitants, upon the ground that cheaper and more efficient service can be rendered by the municipality than by persons or private corporations. Under this head come the so-called public utilities. This very need of entrusting a multitude of private, or quasi private matters, to municipalities, in addition to their purely public duties, is sufficient reason for the requirement of timely notice of a claim, before the one who has suffered from the negligence of the municipality may resort to the court for its enforcement. Every reason which calls for the service of a written notice of claim upon a municipality before suit in any case, applies in this. It is as important that the head or administrative body of a city have notice of claim for negligent injury or damage caused by something connected with its water system, as if the injury arose out of some negligent defect in its streets. The funds of a city must be used to pay the one claim as well as the other. The purpose of notice is to enable a city to ascertain the facts, and keep in touch with the evidence pertaining to the claim, so as to facilitate a just settlement, or, if that cannot be done, defend with effect. The legislature, having deemed it expedient and conducive to public welfare to permit municipalities to own and manage public utilities, may to a reasonable extent protect them against stale and long hidden demands, and, perhaps, un-

necessary lawsuits, by requiring timely notice as a condition precedent to suit. We do not think this arbitrary class legislation. There can be no claim that 30 days time is unreasonably short in cases like the present. Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, 36 L.R.A.(N.S.) 1136; Steltz v. City of Wausau, 88 Wis. 618, 60 N. W. 1054; McCue v. City of Waupun, 96 Wis. 625, 71 N. W. 1054; O'Donnell v. City of New London, 113 Wis. 292, 89 N. W. 511, go to sustain the proposition that, in respect to demands arising outside of the purely governmental functions of cities, or outside of statutory obligations imposed upon them, the legislature, in requiring service of notice of demand as a condition precedent to suit against them, is not improperly discriminating against individuals or private corporations owning and conducting like utilities.

No case to which our attention has been called holds directly that, upon constitutional grounds, the legislature may not place municipal owners and operators of public utilities, as respects conditions precedent to being sued, or as to limitation of time for suing them, in a different class from private concerns conducting like enterprises. As we read Henry v. City of Lincoln, 93 Neb. 331, 140 N. W. 664, 50 L.R.A.(N.S.) 174, the decision turns upon an interpretation of their statute and not upon any constitutional objection. In construing the statute the court kept in mind the three different situations in which a municipality may find itself, and therefrom draws the conclusion that it was not intended to require notice in causes or demands arising out of the permissive enterprises which a municipality may engage in, or stay out of, as it deems best, but only when the demands grow out of its negligent failure to discharge a duty imposed by statute, or where claims or contracts arise in the exercise of its governmental functions. The decision is in line with the construction placed by this court upon the provisions for notice, existing in this state, prior to the enactment of chapter 391, p. 552, Laws 1913. Nor does D'Amico v. City of Boston, 176 Mass. 599, 58 N. E. 158, find constitutional objections. There a notice was required before suit only when the defect causing the injury was in a legal highway or street, and it was held that since the *locus in quo,* though formerly a street, had been taken for a water basin it was not a public high-

way, even though it was still used as such. An authority in point is Condon v. City of Chicago, 249 Ill. 596, 94 N. E. 976. It directly passed upon and sustained the constitutionality of a law which required notice of claim as a condition precedent to bringing suit against a municipal corporation, although other persons or corporations carrying on the same kind of business as the one out of which the claim arose were subjected to suit without such precedent notice.

In our opinion the demurrer was well taken.

Order affirmed.