JENNIE HUGHES v. VILLAGE OF NASHWAUK.[1]

June 7, 1929.

No. 27,309.

[1]Reported in 225 N. W. 898.

M. B. Rustan, Eugene F. Cassidy and Austin & Wangensteen, for appellant.

Gannon & Strizich, for respondent.

OLSEN, C. _

Appeal by defendant from an order overruling a demurrer to the complaint.

The complaint sets forth in substance that the plaintiff resides and has resided, with her husband and family, for more than ten years last past, in a dwelling house upon a lot in the defendant village; that this is her home and homestead; that, prior to 1910 the village constructed a sewer system; that the village also had a surface drainage system, not connected with the sewer, to drain off the surface water; that about the year 1915 it abandoned and filled up the surface water drainage ditch and system and caused the surface water to be discharged into the underground sewer system; that more than six years before this action was brought the sewer system proved inadequate and insufficient to carry off both the surface water and the sewage, and that by reason thereof the sewer has, during the last six years, overflowed and discharged sewage into the basement of the dwelling house occupied by plaintiff and her family and upon the premises so occupied; that such overflow and discharge has rendered the premises offensive and dangerous to health; that this created a nuisance on the premises, which defendant has maintained; that as a direct result thereof plaintiff has contracted disease and become sick, has lost her health and become permanently disabled. She seeks to recover damages for such sickness, loss of health, and disability.

While not so expressly stated, it may be inferred that defendant village constructed its sewer system in the streets of the village in the ordinary way, and that connections therewith to serve residences and business places were made in the ordinary manner. Plaintiff alleges joint occupancy of the premises by herself, her

husband and family, but does not allege ownership. There is an additional allegation in the nature of property damage. No equitable relief in the way of injunction or abatement is asked. The action appears to be a straight action at law for damages for injury to the person of plaintiff. It is not predicated on negligence, but on the creation and maintenance of a nuisance upon the premises occupied by plaintiff.

The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled. The court certified the question as being doubtful, thus permitting defendant to appeal. The main question presented is whether, on the facts set forth in the complaint, notice of injury, as provided in G. S. 1923 (1 Mason, 1927) § 1831, was required before bringing suit, the complaint not alleging any such notice.

■ That an owner or lawful occupant of property is entitled to maintain an action for an invasion of his property or property rights, caused by a municipal corporation's casting sewage thereon or creating a nuisance causing damage thereto, is well established. Tate v. City of St. Paul, 56 Minn. 527, 58 N. W. 158, 45 A. S. R. 501; Batcher v. City of Staples, 120 Minn. 86, 139 N. W. 140.

The complaint in the present case is like the one considered in Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682, in that it alleges that the premises constitute the homestead of plaintiff and her husband and family, but does not allege that she is the owner thereof. Liberally construed, the complaint is sufficient to permit plaintiff to prove ownership. If the home is owned by the husband, the wife occupying it with him has nevertheless valuable rights therein. She may not have the right to recover damages to the property owned by the husband, but as to personal damage such as illness caused to her individually she would apparently be entitled to recover. It is pointed out in the opinion on reargument in the foregoing case that it was not intended thereby to hold that the husband could recover for personal injury to the wife or other members of the family. Illness caused by a tort would be such a personal injury.

■ Was notice of injury, as provided in G. S. 1923 (1 Mason, 1927) § 1831, required in this case?

Prior to 1905, the statute requiring notice of injury before suit against municipal corporations was limited in its application. An attempt was made by L. 1897, p. 459, c. 248, to enlarge its operation, but because of a limited title that law made no material change. By the revision in 1905, the act as passed in 1897 was substantially carried into the statute and the defect in the title cured. Finally, by L. 1913, p. 552, c. 391, the law as it now stands was enacted. Because of changes in the statute, early decisions as to its application have little value.

Numerous decisions from other states have been examined, but because of differences in the notice provisions of the various statutes and charters involved, and differences in the holdings of the courts, no definite general rules are disclosed. It may perhaps be said that as a general rule notice before suit, or notice of claim, is not necessary in a suit in equity to enjoin the maintenance of a nuisance caused or maintained by a municipal corporation, or for other equitable relief, unless expressly required by statute or by charter. Lamay v. City of Fulton, 109 App. Div. 424, 96 N. Y. S. 703; Murcott v. City of New York, 181 App. Div. 171, 168 N. Y. S. 50; Lonsdale Co. v. City of Woonsocket, 25 R. I. 428, 56 A. 448; Champion v. Sessions, 1 Nev. 478; Wall v. Salt Lake City, 50 Utah, 593, 168 P. 766; Kiser v. Douglas County, 70 Wash. 242, 126 P. 622, 41 L.R.A. (N.S.) 1066, Ann. Cas. 1914B, 721; Davis v. City of Appleton, 109 Wis. 580, 85 N. W. 515. Many other cases are to the same effect.

As to whether notice is required where the action is at law for recovery of damages only, caused to persons or property by a nuisance, there are conflicting holdings, based largely on the wording of the particular statute or charter provision under consideration.

In the situation here presented the question to be decided must be determined from a consideration of the statute in its present form and the decisions of this court construing it since it was enacted.

The statute [§ 1831] provides that:

"Every person who claims damages from any city, village or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferry-boat, public works or any grounds or places whatsoever, or by reason of the negligence of any of its officers, agents, servants or employees, shall cause to be presented to the common council or other governing body, within thirty days after the alleged loss or injury, a written notice," etc.

In Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804, the village was engaged in blasting rock in one of its streets, in the course of improving the street. Plaintiff, while lawfully on private property, was injured by a fragment of rock hurled by the blasting operation. The blasting was negligently done. It was held that the case came within the provisions of the statute as a claim for damages on account of the negligence of the officers, agents and servants of the village, and that notice was required.

In Hirsch v. City of St. Paul, 117 Minn. 476, 136 N. W. 269, the action was for damages to a lot caused by the establishment of a first grade and by grading up the adjacent street several feet above the level of the lot. The action was held not based on negligence or any defect in the street, and notice held not required. The decision was also based partly on the constitutional provision that private property shall not be taken or damaged without just compensation. The principle of the Hirsch case is followed in Johnson v. City of Duluth, 133 Minn. 405, 408, 158 N. W. 616, where the injury was caused by a change of grade, and it was said that the complaint "contains no allegation of defective construction or workmanship; neither is it alleged that the city was guilty of negligence."

In the case of Diamond Iron Works v. City of Minneapolis, 129 Minn. 267, 268, 152 N. W. 647, injury to property was caused by water flowing into a basement from a broken water main. The city was alleged to have been negligent. It was held that the action was based on the negligence of officers, agents and servants of the

city and that notice was required. The history of the statute is given, and it is stated that "in the revision of 1905 the statute was so amended as to leave no fair doubt of the intention of the legislature to include within its scope actions theretofore held by the court not within the former statute." It is also stated that "for all future purposes the act of 1913 finally solves all doubts as to what cases come within the scope of the statute."

The holding in the case of Megins v. City of Duluth, 97 Minn. 23, 106 N. W. 89, that the prior law applied only to actions for personal injury, is held abrogated by the amendment. The amended statute was held to have been given that effect in Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804. But it was indicated that the amendment had not changed the rule followed in Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231, and Gaughan v. City of St. Paul, 119 Minn. 63, 137 N. W. 199, holding that the statute did not apply to claims arising out of the relation of master and servant; nor the rule followed in Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88, and Orth v. Village of Belgrade, 87 Minn. 237, 91 N. W. 843, holding that it did not apply to statutory actions for death by wrongful act.

In Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, L. R. A. 1915E, 749, the plaintiff sought to recover damages for illness caused by drinking contaminated water furnished by the city. The action was predicated upon negligence of the city, or its officers or servants. It was held that the statute applied and that notice was required. The court, after referring to the prior cases holding that the statute did not apply to statutory actions for death by wrongful act, nor to actions arising out of the relation of master and servant, states [p. 42]:

"The act of 1913, by specifically covering cases previously excluded by our decisions, indicates an intent to extend the protection afforded municipalities in the requirement of written notice of claim before suit. This, together with the language employed in the title and body of the act, leaves no room to doubt the legislative purpose was that no person should be permitted to sue a municipality for

damages suffered through the negligence of any of its officers, agents, servants or employees, unless he has served a written notice of claim within the time specified in the act."

The next case is Joyce v. Village of Janesville, 132 Minn. 121, 155 N. W. 1067, L. R. A. 1916D, 426. There the plaintiff sued to enjoin the maintenance of a ditch or drain discharging sewage and filth upon plaintiff's land and to recover damages. It was held that the statute did not apply and notice was not required. The court said [p. 127]:

"Nor is the action one for damages, and that seems to be the sort of action referred to in the section mentioned. [G. S. 1913, § 1786.] The damages here asked are merely an incident to the main purpose of the suit, which is to prohibit a continuing nuisance upon plaintiff's property. To the maintenance in equity of such a suit against a municipal corporation, we do not think it essential that a written notice be first given." The Diamond Iron Works [129 Minn 267] and the Frasch [130 Minn. 41] cases are cited.

In the later case of Nienow v. Village of Mapleton, 144 Minn. 60, 174 N. W. 517, the action was for damages and to enjoin the village from continuing a nuisance. The nuisance consisted of a ditch carrying water and sewage across and upon plaintiff's land. Notice before suit was held not required. The court said [p. 63]:

"In Joyce v. Village of Janesville, 132 Minn. 121, 155 N. W. 1067, L. R. A. 1916D, 426, it was held that such notice was not essential to the maintenance of an action against a municipal corporation for equitable relief. Whether it was necessary to the maintenance of an action for damages caused by a nuisance created by a municipal corporation was not expressly decided, but it was clearly intimated that the statute only applied to cases where the basis for relief is negligence, and that it did not apply to the case of an invasion of plaintiff's premises with an offensive foreign substance brought there by means of artificial appliances.

"In effect the statute requires notice to be given where damages are claimed on account of a defect in a public way or place, which

is within the exclusive control of a city or village, or by reason of the negligence of any of its officers, agents or servants. The findings of the jury are that defendants created and maintained a nuisance and that plaintiff's damages were caused by the affirmative, wrongful acts of the defendants, and not through negligence. We hold that the statute does not apply to such a case."

In Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721, the action was at law for damages to plaintiff's property, caused by deposit thereon of sand and dirt from excavations made by defendants and dumped into a ravine, from which it was washed down upon plaintiff's premises by surface water coming into the ravine. It was held that there was an invasion of plaintiff's property by the direct action of the defendants, and the legal rights of the parties could be worked out on the theory of a trespass or nuisance; that the action was not predicated upon negligence, nor was the injury the result of anything done upon the property of the village. *Held*, notice was not required.

The complaint in the present case alleges such an invasion of the plaintiff's premises and the creation of a nuisance thereon. In that situation it appears to be settled by our decisions above noted that an equitable action to enjoin the nuisance and recover damages therefor would not come within the statute requiring notice. It is clear also that under the decision in the Bohrer case, 166 Minn. 336, 207 N. W. 721, an action at law for damages to property would not come within the statute. If damages may be recovered in an action at law on account of a nuisance created and maintained by defendant on plaintiff's premises, there appears no valid reason for distinguishing between damages to property and damages to the person so far as the notice statute is concerned. That statute makes the cause of the damage, and not the kind of damage resulting, the test of whether notice is required. Such notice is required where the cause of the damage is a "defect in any bridge, street, sidewalk, * * * public works or any grounds or places whatsoever, or by reason of the negligence of any of its officers, agents," etc. Here the cause of damage is alleged to be a nuisance created

and maintained by the defendant on private property. While the question is not without difficulty, we deem it included in and decided by Nienow v. Village of Mapleton, 144 Minn. 60, 174 N. W. 517, and Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721, and that the demurrer to the complaint was properly overruled.

The order overruling the demurrer does not appear to grant leave to answer. No doubt such leave, if not already provided for, will be granted on application to the trial court.

Order affirmed.

