# DIAMOND IRON WORKS v. CITY OF MINNEAPOLIS.[1]

May 7, 1915.

Nos. 18,811—(38).

**Municipal corporation — notice of injury under Revised Laws 1905.**

1. Section 768, R. L. 1905, providing for the service upon municipalities of a notice of claim for damages, as therein stated, applies to an action for injury to private property occasioned by the negligence of the municipality.

**Rule changed by statute.**

2. The rule applied in Megins v. City of Duluth, 97 Minn. 23, was abrogated by the general revision of the statute in 1905.

**Statute of 1913 inapplicable.**

3. Section 1786, et seq., G. S. 1913, though it fully covers the subject of notice in actions against municipalities, does not apply to this case, for it was enacted subsequent to the time this cause of action arose.

Action in the district court for Hennepin county to recover $55,-500, for damages caused by water from a broken water main of defendant city. From an order sustaining defendant's demurrer to the complaint, Hale, J., plaintiff appealed. Affirmed.

*Mead & Bryngelson,* for appellant.

*C. D. Gould,* City Attorney, and *W. J. Compton,* Assistant City Attorney, for respondent.

BROWN, C. J.

This action was brought to recover damages for injury to plain-

[1] Reported in 152 N. W. 647.

tiff's property caused, as alleged in the complaint, by water flowing into the basement thereof from a broken water main, through which water is conducted into the city for public as well as private use. The water main was under ground, and the complaint alleges that the bursting thereof and the resulting escape of water was due to the carelessness and negligence of the city. Other facts pleaded disclose the nature and extent of the injury and the damage suffered thereby. It also appears from the complaint that the notice and claim provided for by section 768, R. L. 1905, were not given or presented to the city council as there required, within 30 days from the date of the injury, or at all. A general demurrer to the complaint was sustained and plaintiff appealed.

The only question presented is whether the statute referred to applies to a case of this kind. We answer the question in the affirmative.

The statute has been before the court for construction and application in numerous cases. As originally enacted it was held inapplicable to cases of injury to an employee of the municipality, involving the relation of master and servant. Kelly v. City of Faribault, 95 Minn. 293, 104 N. W. 231. It was held in Orth v. Village of Belgrade, 87 Minn. 237, 91 N. W. 843, following Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88, construing a similar provision of the charter of St. Paul, that the statute was intended to apply to common law actions, and not to actions given by statute for death by wrongful act. These decisions have been followed and applied in subsequent cases. The statute was amended by chapter 248, p. 459, Laws 1897, and an effort was there made to bring all classes of actions against municipal corporations within its terms, but in Megins v. City of Duluth, 97 Minn. 23, 106 N. W. 89, construing the amendment in the light of the restrictive character of its title, the court held that it applied only to actions for personal injuries. The action then before the court was similar to the one at bar, and had the statutes remained unchanged, the rule of that case would apply. But in the revision of 1905 the statute was so amended as to leave no fair doubt of the intention of the legislature to include within its scope actions thereto-

fore held by the court not within the former statute. The amended statute was given this effect in Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804, though it was held in Gaughan v. City of St. Paul, 119 Minn. 63, 137 N. W. 199, that the amendment was not intended to abrogate the rule of the Kelly case where the statute was held not applicable to claims arising out of the relation of master and servant. In the Chisholm case the statute was held applicable to the case of a pedestrian who was injured by blasting operations negligently carried on by the municipality, and a failure to give the notice was held fatal to a right to recover. We are asked in the case at bar to hold that the statute has no application to actions against a municipality for injuries to property, and to follow and apply the Megins case. This we are unable to do. The change in the statute by the revision of 1905, and after the decision was rendered in that case, leaves no room for a construction thereof as here contended. We must apply it, as said in the Chisholm case, to give effect to the clearly disclosed legislative intent. So construing it, we hold that it applies to a case of this kind, and that the rule of the Megins case must be taken to have been abrogated by the amended statute.

The other points raised in the briefs are not seriously pressed and do not require discussion. No facts are alleged in the complaint sufficient to justify the conclusion that the defendant is estopped from urging in defense that the proper notice was not given.

It may be noted in taking leave of the case that for all future purposes the act of 1913 finally solves all doubts as to what cases come within the scope of the statute. Section 1786, et seq., G. S. 1913. That statute does not, however, apply to the case at bar. The injury to plaintiff's property occurred before its passage.

Order affirmed.