## Diem et al. v. Goldman et al.

*Wallace S. Gourley* and *Bloom & Bloom*, for plaintiffs.

*J. J. Benedict*, for defendants.

BURNSIDE, J., April 13, 1940.—On April 18, 1939, the minor plaintiff, Ellen Vivien Diem, was riding in an automobile owned by Morris Goldman and then and there being operated by his daughter, Florence Goldman. No notice was ever served by the minor plaintiff or by any person on her behalf, as is required by the Act of July 1, 1937, P. L. 2547, 53 PS §2774. On October 18, 1939, Morris Goldman, one of the above-named defendants, evidently anticipating that the plaintiff might file suit against himself or his daughter, served the following notice upon the Mayor of the City of Monongahela:

> "510 Fourth St.,
> Monongahela City, Pa.
> October 18, 1939

City of Monongahela,
City Hall,
Monongahela City, Pa.

Attention: The Mayor

Gentlemen:

On April 18, 1939, about 4:00 p.m., my daughter was driving my 1936 Oldsmobile sedan south on Lincoln Street, in the City of Monongahela. At the intersection of Ninth Street, due to a defective roadway, a passenger in the rear seat, Vivian Diem, residing at 1010 Try Street, Monongahela City, Pa., was thrown against the roof and severely injured.

Please be advised that a claim has now been presented against my daughter and me for injuries received. This is to notify you of this accident, and to place you on notice that I will look to you for reimbursement of any expenses I may incur in the defense of this claim.

Very truly yours,
/s/ M. Goldman
Morris Goldman."

In accordance with the apparent expectancy of said defendants, suit was filed by the minor and by her parents, the above-named plaintiffs, against Morris Goldman and Walter Carson, guardian ad litem of Florence Goldman, a minor, claiming damages by reason of the injuries received by the minor plaintiff on April 18, 1939, while a passenger in the Goldman car. On January 18, 1940, defendants filed an affidavit of defense, and on February 7, 1940, in accordance with Pa. R. C. P. 2252, filed a petition to bring upon the record the City of Monongahela as an additional defendant, said petition alleging that the accident was caused by reason of the negligent condition of a city street. The court issued the order set forth in subsection (c) of said rule and the original defendants, instead of making service as provided by rule 2255, caused a writ of scire facias to be issued, reciting the order of the court, which writ was served upon the Mayor of the City of Monongahela on February 9, 1940.

On February 24, 1940, the City of Monongahela filed a motion to dismiss as to the additional defendant in accordance with rule 2256, said motion to dismiss alleging, inter alia, that no notice, as provided by the Act of July 1, 1937, P. L. 2547, was given to the city.

Section 1 of the Act of 1937, supra, reads as follows:

"Section 1. Be it enacted, &c., That hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of

such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

There is no question in this case of reasonable excuse for not filing said notice, it being alleged that notice was filed, and claimed that said notice is a proper notice.

The first question raised by the motion to dismiss is whether or not the notice was given by a proper person. The act provides that such notice shall be given by "any person . . . claiming damages . . . arising from the negligence of such municipality . . ." Defendants claim to be persons "claiming damages" within the meaning of the act. We do not agree with this contention, for such construction would make it easy for an unscrupulous plaintiff, who for political or personal reasons did not desire to enter suit directly against a municipality, to defeat the provisions and purpose of the above act. Suppose the case of such a plaintiff, who for some reason did not himself wish to file notice upon the municipality in accordance with the act, but who actually wished to have said municipality named as defendant by indirection. He might bring suit against a friendly defendant, which nominal defendant could then join the municipality after serving notice in the form required by the act. The entire purpose of the law would be evaded by a subterfuge which might be very difficult to detect. The pleadings filed by the original defendants in the case at bar make no claim for damages on behalf of defendants against the city for themselves. They make no claim to have suffered any damage by reason of any negligence on the part of

the city. The original defendants contend that, if plaintiff suffered damage, such damage was caused by the city and not by themselves. We hold that the original defendants are not persons "claiming damages . . . arising out of the negligence of such municipality", and that they are not proper persons to give such notice to the municipality.

We further hold that the notice served by Mr. Goldman upon the Mayor of the City of Monongahela is not a sufficient compliance with the act. The act provides for the filing of notice "in the office of the clerk or secretary of such municipality". We find no case in Pennsylvania holding that notice upon a mayor or a councilman complies with the act. It is true that in the case of O'Hara v. City of Scranton, 35 D. & C. 42, it was held that the filing of such notice upon the solicitor of a second class city was a substantial compliance with the act. This can be distinguished from the present case. There is no provision in the laws governing second class cities for a municipal clerk or secretary. This left an ambiguity which the court was required to interpret, and as the city solicitor was the very person charged with the duty of attending to the legal affairs of the City of Scranton the court made a very proper finding. In the case at bar no question of service of notice upon the city solicitor is before the court, only that of service upon the mayor. It appears to us that the words of the act of assembly are clear and free from ambiguity, and the Statutory Construction Act of May 28, 1937, P. L. 1019, cited in the case of O'Hara v. City of Scranton, supra, provides (sec. 51) :

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The law does provide for the office of city clerk as to third class cities, so that no ambiguity arises in construing the act as to cities of that class. Section 1301 of The Third Class City Law of June 23, 1931, P. L. 932, relating to cities of the third class, specifically creates the office of city clerk.

Laws such as the Act of 1937, barring the filing of suits where there has been a failure to give required notice, are construed the same as penal statutes, and our Statutory Construction Act of 1937 provides that penal statutes belong to that class of laws which shall be strictly construed. See Hoffman et al. v. Blakesley et al., 4. Pa. C. C. 427, holding that an act authorizing a rule upon a purchaser at sheriff's sale to bring ejectment within 90 days is penal in character and to be strictly construed. Also Mountain Spring Water Ice Co. v. Lewis, 20 Dist. R. 89. Although there are no Pennsylvania decisions directly in point, there is ample authority elsewhere to justify the position that this notice must have been served "in the office of the clerk or secretary of such municipality." In McQuillin on Municipal Corporations, sec. 2891, it is stated:

"The notice must be given to or served upon the officer named by the law, not to or upon another officer. The policy of the law, it has been said, is to impose an unqualified duty upon the officer specified and not to clothe the injured person with discretionary power to select some other municipal officer to whom to give or serve with notice."

So it has been held that, where the law required service on the mayor, service on the city attorney was not sufficient: Gilkey v. Memphis, 159 Tenn. 220, 17 S. W. (2d) 4; or to the village clerk where the law required that the notice must be given to the village president or treasurer: Rogers v. Port Chester, 234 N. Y. 182, 137 N. E. 19; or to the city commissioner where the law required that notice be given to the city clerk: Beaumont v. Baker (Tex. Civ. App.), 95 S. W. (2d) 1365.

We hold that a proper service of such notice is a condition precedent to the filing of a cause of action against the City of Monongahela. In the case at bar, defendants, by bringing the City of Monongahela upon the record, are actually instituting "a cause of action" against the city. This principle is distinctly held in the case of John-

ston v. The Borough of Canonsburg, Washington County Reports Nos. 1 and 2, Vol. XIX, of October 8, 1938, a case recently decided by this court. In 6 McQuillin on Municipal Corporations, sec. 2888, it is stated that such provisions as to notice are mandatory and that notice is a condition precedent to the right to sue. The giving of a notice is an essential part of the cause of action: Szroka v. Northwestern Bell Telephone Co., 171 Minn. 57, 213 N. W. 557. Until such notice is given, no right of action exists: Crocker v. Hartford, 66 Conn. 387. Without it there is no cause of action: Frasch v. New Ulm, 130 Minn. 41, 153 N. W. 121; Diamond Iron Works v. Minneapolis, 129 Minn. 267, 152 N. W. 647; Wornecka v. St. Paul, 118 Minn. 207, 136 N. W. 561.

Since the argument of this case before the court in banc, the original defendant has filed a supplementary brief contending that, since a general appearance was entered for the City of Monongahela by its attorney on February 24, 1940, all defects, if any, in the aforesaid notice, and in the manner of service thereof, have been waived by the city, and that this court, therefore, has no jurisdiction to entertain the petition to dismiss which was filed by said city.

Said original defendants cite as their authority 1 Standard Pennsylvania Practice 409, which provides:

"An entry of a general appearance is a waiver of all objections to the jurisdiction of the court over the person of the defendant, whether such objections are based upon irregularities in the form of the summons or other writ issued to bring the defendant into court, or in the service or return thereof."

This is a more or less elementary principle of law, but we do not hold that it applies to the situation in the case at bar. The additional defendant in this case is not questioning the jurisdiction of the court, nor any irregularity in the form or service of a writ, but it is questioning the sufficiency of the petition upon which the additional defendant was brought upon the record, which petition is based

upon the notice given October 18, 1939. Rule 2256 provides that any defect of form or *substance* in either the petition or the order may be attacked by a motion to dismiss. The motion is filed under this section, which section prohibits objections to the jurisdiction in such motion. In substance the original defendants contend that it is improper to attack the nonperformance of a condition precedent after the filing of a general appearance.

The proper method of attacking the failure to perform a condition precedent is by a pleading raising this question of fact, and not by a pleading attacking the jurisdiction of the court. To uphold the contention of the original defendants in this matter would require the court to hold in insurance cases, where a proof of death, or a proof of loss, or proofs of total and permanent disability, are conditions precedent to recovery, that such defenses could not be set up after the entry of a general appearance, but that such pleas would have to be made to the jurisdiction of the court. There are numerous examples in Pennsylvania, particularly in suits on contracts, where certain demands or other requirements constitute conditions precedent, which certainly can be raised after the entry of a general appearance, and do not require objections to the jurisdiction of the court.

One of the important provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, declares that in ascertaining the intention of the legislature in the enactment of a law the courts may be guided by the following presumption among others:

"(5) That the Legislature intends to favor the public interest as against any private interest."

The Act of July 1, 1937, P. L. 2547, requiring notice to be filed by a person claiming damages in the office of the borough clerk, was clearly enacted in the public interest. We hold that its provisions are mandatory, that it creates a condition precedent to the entry of a valid action against a municipality, and that its terms should be strictly followed. We further hold that the questions

raised in the motion to dismiss as to the additional defendant are not mere jurisdictional matters, but rather matters of substance.

And now, April 13, 1940, for the reasons assigned in the foregoing opinion, it is ordered and decreed that the City of Monongahela be and it is herewith dismissed as an additional defendant in the above case.